PHILIP A. WHITESELL, and ELIZABETH C. WHITESELL, Plaintiffs-Appellees, *v.* EDWARD C. HOULTON, Defendant-Appellant

NO. 6412

CIVIL NO. SCP 76-75

AUGUST 27, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY BURNS; J.

In this case, the district court held an owner of a banyan[1] tree

---

[1] A "banyan" tree is a large evergreen tree of the fig family (moraceae ). Generally, its branches send out aerial roots which grow down to the soil to form secondary trunks. In this case, we do not know if the tree is an Indian banyan, *ficus benghalensis,* or a Malayan or Chinese banyan, *ficus retusa.* However, the record indicates that its "trunk" is approximately 12 feet in diameter.

liable for damages it caused to a neighbor's property and for the cost incurred by the neighbor in cutting it back. The primary issues are whether a tree owner has a duty to prevent his tree from damaging his neighbor's property and whether he is liable for the damage caused. We answer yes to both questions and we affirm.

Plaintiffs-Appellees Whitesells and Defendant-Appellant Houlton own and occupy adjoining residential properties.

Houlton's property contains a banyan tree 80 to 90 feet high with foliage extending 100 to 110 feet. Said banyan overhangs the Whitesells' property and the two-lane street fronting both properties.

In April 1975, the Whitesells asked Houlton to cut the intruding branches, but he refused to do so.

In June 1975, the Whitesells rented equipment and cut some of the banyan's intruding branches.

In July 1975, the Whitesells repaired their garage roof because of damage previously caused by the branches of Houlton's tree.

In January 1976, the Whitesells drove their Volkswagen van on the street fronting the properties, and it was damaged by the branches of Houlton's tree.

In February 1976, the Whitesells advised Houlton by letter that a recent storm had broken a number of large branches near the top of the banyan tree, which branches were dangling directly over the Whitesells' driveway and carport and very likely to fall and cause damage.

Houlton failed to respond to the letter in any manner; thus, in May 1976, the Whitesells hired a professional tree trimmer who cut the banyan's branches back to Houlton's property line.

The lower court gave the Whitesells judgment for, *inter alia,* the cost of renting the equipment in June 1975, the cost of repairing the garage roof in July 1975, one-half the cost of the tree trimmer hired in May 1976, and the cost of repairing the van.

On appeal, Houlton first contends that the damage to the van was caused by the Whitesells' contributory negligence.

Although the evidence raised the possibility of contributory negligence and the lower court made no express finding on this issue, the result clearly indicates that it did not find any. We perceive no error in the failure to find contributory negligence.

Houlton next contends that he had no duty to cut the branches extending into the Whitesells' property and, therefore, he is not

liable for any resulting damage or the cost of cutting the branches.

This being an issue of first impression in Hawaii, we can choose between the Massachusetts,[2] Washington D. C.[3] view which says Houlton had no duty, or the California,[4] Washington,[5] New Jersey[6] view which says Houlton had a duty whether or not damage has occurred to his neighbor's property, or the Virginia[7] view which says Houlton had a duty to prevent his tree from causing sensible damage to his neighbor's property.

In *Sterling v. Weinstein*, 75 A.2d 144 (D.C. 1950), Judge Hood did an in depth review of the various views and chose the Massachusetts rule which says that if the branches and roots from your neighbor's tree offend you or your property, you must cut them back yourself; you may not require him to do so or to pay for the damages.

We agree with Judge Hood that the Massachusetts rule is "simple and certain." However, we question whether it is realistic and fair.[8] Because the owner of the tree's trunk is the owner of the tree, we think he bears some responsibility for the rest of the tree. It has long been the rule in Hawaii that if the owner knows or should know that his tree constitutes a danger, he is liable if it causes personal injury or property damage on or off of his property. *See Medeiros v. Honomu Sugar Co.*, 21 Haw. 155 (1912). Such being the case, we think he is duty bound to take action to remove the danger before damage or further damage occurs.

Consequently, we prefer a modified Virginia rule. We hold that non-noxious plants ordinarily are not nuisances; that overhanging branches which merely cast shade or drop leaves, flowers, or fruit are not nuisances; that roots which interfere only with other plant life are not nuisances; that overhanging branches or protruding roots constitute a nuisance only when they actually cause, or there is

---

[2] *Michalson v. Nutting*, 275 Mass. 232, 175 N.E. 490 (1931), 76 A.L.R. 1109.

[3] *Sterling v. Weinstein*, 75 A.2d 144 (D. C. 1950).

[4] *Shevlin v. Johnston*, 56 Cal. App. 563, 205 P. 1087 (Dist. Ct. App. 1922).

[5] *Gostina v. Ryland*, 116 Wash. 228, 199 P. 298 (1921).

[6] *Ackerman v. Ellis*, 81 N.J.L. 1, 79 A. 883 (N.J. 1911).

[7] *Smith v. Holt*, 174 Va. 213, 5 S.E.2d 492 (1939), 128 A.L.R. 1217.

[8] It is especially unrealistic and unfair when applied to banyan trees in the tropics.

imminent danger of them causing, sensible harm to property other than plant life, in ways other than by casting shade or dropping leaves, flowers, or fruit; that when overhanging branches or protruding roots actually cause, or there is imminent danger of them causing, sensible harm to property other than plant life, in ways other than by casting shade or dropping leaves, flowers, or fruit, the damaged or imminently endangered neighbor may require the owner of the tree to pay for the damages and to cut back the endangering branches or roots and, if such is not done within a reasonable time, the damaged or imminently endangered neighbor may cause the cut-back to be done at the tree owner's expense.

However, we also hold that a landowner may always, at his own expense, cut away only to his property line above or below the surface of the ground any part of the adjoining owner's trees or other plant life.

We find all of Mr. Houlton's other points of error to be without merit.

Affirmed.

*Howard J. Gravelle* on the briefs for defendant-appellant.

*Philip A. Whitesell* and *Elizabeth C. Whitesell,* pro se plaintiffs-appellees, on the brief.