468 So.2d 641 (1985)
Clare BEALS
v.
George GRISWOLD, II and Adrian's Tree Service, Inc.
No. CA-2745.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1985.
*642 Bradley J. Alleven, New Orleans, for appellant.
Charles T. Gould, Metairie, Shelly Hammond, New Orleans, for appellees.
Before GULOTTA, CIACCIO and ARMSTRONG, JJ.
GULOTTA, Judge.
In this suit by a homeowner against her neighbors and a tree surgeon for damages resulting from the pruning of her live oak tree, plaintiff appeals from a judgment dismissing her suit on an adverse jury verdict. The suit alleged damages for loss of value in plaintiff's home and tree, corrective expenses, and mental anguish. We affirm.
In February, 1980, defendant Adrian's Tree Service, Inc., pursuant to a contract *643 with Mr. & Mrs. George Griswold, II, cut and removed several limbs of a large oak tree overhanging the Griswold residence. The tree, which was estimated to be 130 years of age, was located on plaintiff's property adjacent to Griswold's. While the cutting was in progress, Mrs. Beals protested excitedly and the work was stopped.
After a protracted trial on the merits, the jury rendered a verdict in favor of the defendants. Appealing, plaintiff contends the jury manifestly erred in failing to find defendants guilty of: 1) trespass (by entering plaintiff's property to perform the tree trimming without her permission); 2) conversion (by discarding the severed tree limbs despite plaintiff's request that they be given to her); and 3) negligence (by failing to cut the tree in conformity with standards of the community and the Louisiana Horticulture Commission).

TRESPASS
Trespass is defined as "any unlawful physical invasion of the property of another". Gliptis v. Fifteen Oil Co., 204 La. 896, 16 So.2d 471 (La.1943). A trespasser is "one who goes upon the property of another without the other's consent". Williams v. J.B. Levert Land Company, 162 So.2d 53 (La.App. 1st Cir.1964), writ refused 245 La. 1081, 162 So.2d 574 (1964).
The thrust of plaintiff's trespass action is that the defendants unlawfully entered her property without her permission to gain access to the branches overhanging the Griswold residence. Although it is undisputed that the defendant's workers walked in plaintiff's front yard and climbed the tree from her property, the crucial issue is whether plaintiff consented to their entry. Although plaintiff vehemently denied that she had given her consent for the work to either the tree surgeon or the Griswolds, her version of the events was in direct conflict with the defendants' testimony.
Adrian Juttner, the defendant arborist, testified that he had obtained Mrs. Beals' oral permission to prune the tree during the Fall of 1979, when he inspected the property with the Griswolds to make a work estimate before the actual trimming in late February, 1980. According to Juttner, after discussing the matter with the Griswolds, he approached Mrs. Beals, walked outside in her yard with her, pointed out the limbs he was going to cut, and testified "that was all very fine and good with her." His testimony was corroborated by the Griswolds who stated that they had discussed the necessity of obtaining Mrs. Beals' permission with Juttner, who then walked to Mrs. Beals' house and returned to tell them he had received it.
The evidence considered, we cannot say that the jury erred in apparently concluding, as a matter of credibility, that defendants had obtained Mrs. Beals' consent to enter her property and perform the pruning work. In rendering a verdict on behalf of the defendants, the jury apparently accepted defendants' version and rejected Mrs. Beals' testimony. We find no error.
Apart from the issue of oral consent, plaintiff contends that a trespass occurred because she gave no written permission to enter her property. In support of this argument, plaintiff relies on regulations of the Louisiana Horticulture Commission requiring every licensed tree surgeon to enter into a written contract with the property owner employing him to engage in tree surgery service and to obtain written permission from the owner before using "climbing irons" to climb the tree.
At the outset, we note that the regulations relied on by plaintiff are merely quoted in her brief and were not introduced into evidence or requested as a jury instruction. Because the Horticulture Commission regulations are not part of the record and the issue has not been submitted in the trial court, we could decline to consider them. See Uniform Rules, Courts of Appeal, Rule 1-3. Nonetheless, even assuming the regulations were properly before us, we conclude that plaintiff's reliance on them is misplaced.
The regulations cited by plaintiff appear to require the tree surgeon to enter *644 into a written contract with the property owner employing him; they do not require written consent between the adjoining land owner and either the employing property owner or the tree surgeon employed. Parenthetically, we note that in the instant case Juttner gave the Griswolds a written memorandum and diagram outlining the work to be performed for them. Plaintiff's argument lacks merit.

CONVERSION
"Conversion" has been defined as a distinct act of dominion wrongfully exerted over another's property inconsistent with or in denial of the owner's rights. Star Amusement, Inc. v. Strini, 427 So.2d 659 (La.App. 5th Cir.1983); Haymon v. Holliday, 405 So.2d 1304 (La.App. 3rd Cir.1981). Plaintiff contends the jury manifestly erred in failing to award damages for defendants' conversion of the approximately 800 pounds of wood cut from the tree.
In response to plaintiff's argument in brief on this issue, defendant Adrian's Tree Service, Inc. has filed a preemptory exception of prescription in this court on the grounds that plaintiff has raised this delictual cause of action for the first time on appeal concerning acts that occurred in February, 1980, beyond the one year prescriptive period.
Plaintiff's timely filed original petition alleges that defendants "maliciously and intentionally damaged your petitioner's property, more particularly, the cutting and removal of limbs of a one hundred and fifty (150) year old oak shade tree." We interpret this language to state a cause of action in conversion. Although the petition does not use the term "conversion", it does allege the "cutting and removal of limbs". These factual allegations can be interpreted as an act of dominion wrongfully exerted in derogation of plaintiff's property rights in the tree. The exception is denied.
Turning now to the merits of plaintiff's argument, we conclude the evidence does not support recovery for conversion.
Mrs. Beals testified that Juttner disposed of the felled limbs and refused her request to retain them as firewood. Although Juttner acknowledged that Mrs. Beals had asked about firewood after the cutting had occurred, he testified that plaintiff was completely "irate and irrational" at the time of the incident and that he was not willing to expend the time and labor to chop up the long branches (which were lying in the Griswolds' driveway) and to deliver the wood to Mrs. Beals' property. Further, no evidence was introduced to show that Juttner or any employee of Adrian's Tree Service denied or refused to allow plaintiff access to remove the cut wood. Under the circumstances, we conclude that plaintiff had access to the wood and that Juttner merely refused to haul the wood to her. Accordingly, we cannot say that defendants wrongfully exerted dominion over the branches, especially in light of the evidence supporting a conclusion that plaintiff had earlier given her permission to prune the tree without mentioning her desire to retain the felled branches.
We further note that the main thrust of plaintiff's claim and evidence concerned her cause of action in trespass. Evidence of conversion was at best sketchy, and no jury instructions on this issue were requested or given. Under these circumstances, we find no error.

NEGLIGENCE
In support of this theory of recovery, plaintiff cites testimony by two tree surgeons supportive of a conclusion that the tree was not cut in conformity with local and Horticultural Commission standards of tree pruning. In contrast to their views, however, defendant's well qualified tree expert pursuasively testified that no damage was done to the tree in this case. Photographs and testimony lead to a conclusion that the tree is overwhelmingly intact and healthy. Furthermore, we observe that stumps remaining from the trimming may very well have resulted from plaintiff's own abrupt halting of the work in progress on the morning of the incident. *645 Significantly, the jurors visited the site and inspected the tree during trial. Considering this contradictory expert evidence submitted to the jury, together with the inspection of the tree by the jury, as well as the combative atmosphere surrounding the entire incident, we cannot say the jury erred.
Accordingly, the judgment is affirmed.
AFFIRMED.