772 P.2d 1311

**Rosalina GARCIA, Plaintiff–Appellee,**

v.

**Elizabeth SANCHEZ, Defendant–Appellant.**

**No. 9943.**

Court of Appeals of New Mexico.

March 16, 1989.

James C. Ellis, Albuquerque, for plaintiff-appellee.

Douglas G. Voegler, Marchiondo, Vigil & Voegler, P.A., Albuquerque, for defendant-appellant.

## OPINION

DONNELLY, Judge.

This case involves a dispute between neighboring landowners over trees originally planted on defendant's property which have overgrown and now encroach upon plaintiff's property.

Defendant appeals from an order of the district court directing her to pay damages for injury to plaintiff's crops, to yearly trench the roots and trim the branches of trees growing on or adjacent to the boundary of the two tracts, and to provide water and nutrients for the trees. We discuss (1) whether the trial court erred in refusing to apply the rule applicable to trees growing on the common boundary between the properties; (2) whether plaintiff's claims for damages and affirmative relief are actionable or supported by substantial evidence; and (3) whether the trial court erred in denying defendant's defenses of prescriptive easement, acquiescence, and estoppel. We affirm in part and reverse in part.

The parties are adjoining property owners. Defendant acquired her property in 1966; plaintiff obtained title to her land in 1974. A predecessor in title to the defendant planted ten elm trees adjacent to the north-south boundary line of the two tracts. Although the trees were originally planted inside defendant's property line, over the years they have grown so that presently nine are located directly on the boundary with the trunks encroaching onto plaintiff's property variously from one to fourteen inches; the trunk of the tenth tree is located entirely on defendant's property. The trial court found that the trees have now substantially obtained their full growth. The land adjacent to the trees on plaintiff's side is vacant and used primarily for growing alfalfa or other field crops; situated on defendant's side of the trees is a driveway and residence.

A wire fence located along the line of trees was taken down in 1969 after it was damaged by a car. Both parties have had the property line independently surveyed and have stipulated to the boundary line. The parties agree that the boundary line between the two tracts passes through nine of the ten trees.

Plaintiff made no complaint concerning encroachment of the tree trunks or damage from tree roots or overhanging branches until after 1982. In September 1984, after defendant continued to object to plaintiff's efforts to replace the fence along their common boundary, plaintiff filed suit against defendant seeking damages and injunctive relief. Defendant filed a counterclaim but has not appealed the denial of her counterclaim.

Following a bench trial the court found that plaintiff's actions in providing water and nutrients to crops located on her land have caused the trees to grow toward her property and concluded that defendant negligently maintained the elm trees, allowing the roots and branches to damage the crops on plaintiff's property and rendering the land near the trees less productive. The trial court also found that plaintiff has not suffered sufficient damages so as to warrant the removal of the trees and that cutting any substantial portion of the trunks of the trees would seriously harm them. The court further found that yearly trenching of the roots and trimming of branches on plaintiff's side of the property line would essentially resolve any problems resulting from the encroachment of tree roots and overhanging branches on the property of the plaintiff.

Based upon its findings and conclusions, the court ordered defendant to pay damages of $420.80 resulting from tree damage to plaintiff's alfalfa crop, to yearly trench the roots and trim the branches of the trees, and to provide water and nutrients to the trees in order to restrict their growth toward plaintiff's property. The court also upheld plaintiff's right to reconstruct the boundary fence between the trees adjoining the two properties.

## I. BOUNDARY LINE RULE

Plaintiff's complaint sought an award of damages, an order of the court directing the defendant to remove the encroaching trees, and other injunctive relief. The complaint did not allege the existence of a nuisance but instead alleged trespass. The trial court declined to order defendant to remove the encroachments, concluding that plaintiff "has not suffered sufficient damages as a matter of law or equity which would authorize this Court to order Defendant to cut down and remove mature trees at the expense of Defendant." The trial court did however, award damages and other affirmative relief to plaintiff.

Defendant asserts the trial court erred in not finding that the trees standing on the boundary of two adjoining landowners were owned by both parties as tenants in common. Defendant argues the evidence indicated nine of the trees had overgrown the boundary line of the parties and thus, both factually and as a matter of law, should have been determined to constitute boundary trees.

As observed in the Annotation, *Rights and Liabilities of Adjoining Landowners As to Trees, Shrubbery, or Similar Plants Growing on Boundary Line*, 26 A.L.R.3d 1372, 1374–1375 (1969), "[a] tree, hedge, shrub, or similar plant growing on the division line between parcels of land belonging to different persons generally belongs to them jointly or as tenants in common." *See also Holmberg v. Bergin*, 285 Minn. 250, 172 N.W.2d 739 (1969); *Patterson v. Oye*, 214 Neb. 167, 333 N.W.2d 389 (1983). Under this rule adjoining landowners may not destroy a common boundary tree without the consent of the other. *See Harndon v. Stultz*, 124 Iowa 440, 100 N.W. 329 (1904). They may, however, trim the branches and roots of the tree so long as the tree is not materially damaged thereby. *See Scarborough v. Woodill*, 7 Cal.App. 39, 93 P. 383 (1907); *Adams v. Hahne*, 59 Misc.2d 827, 300 N.Y.S.2d 420 (1969). A joint owner of a boundary line tree generally has no claim for damages or equitable

relief from encroaching branches, roots, or other portions of the tree. *See Robins v. Roberts*, 80 Utah 409, 15 P.2d 340 (1932) (complaint for damages and equitable relief dismissed where trees were determined to constitute common boundary trees).

■ The mere fact that trees have encroached upon the line between two properties does not automatically mean that the trees are owned as tenants in common by adjoining property owners. *Holmberg v. Bergin.* In *Holmberg* the court considered factual issues similar to those raised in the present case and involving encroachment of a tree trunk onto neighboring property. The court held that ownership of trees growing on a boundary line exists only where an agreement or course of conduct has been shown to exist indicating that the adjoining owners, or their predecessors in interest, intended that the trees be jointly owned.

As observed in Annotation, *Encroachment of Trees, Shrubbery, or Other Vegetation Across Boundary Line*, 65 A.L.R. 4th 603, 616–617 (1988):

Unlike cases where a tree's trunk grows into the boundary line between adjoining premises, trees or other plants whose trunks or bases are situated entirely on one parcel of land have been found to belong to the owner of that parcel, irrespective of the penetration into neighboring property by any of its other portions....

\*　　\*　　\*　　\*　　\*　　\*

The courts have generally recognized that vegetation penetrating adjacent property presents a type of legal problem for which the remedy of self-help can be invoked. [Footnote omitted.]

■ In *Rhodig v. Keck*, 161 Colo. 337, 340, 421 P.2d 729, 731 (1966) (En Banc), the Colorado Supreme Court held that a test in determining whether trees growing on a common boundary line are jointly owned "is whether they were planted jointly, or jointly cared for, or were treated as a parti-

tion between adjoining properties." The trial court herein correctly applied this same approach in ruling that plaintiff's trees were not subject to the common boundary line rule and in finding that "[t]here never was an agreement, oral or written, to have the trees form a boundary line between the parties' property."

Plaintiff also sought to have the court order that defendant be required to cut down and remove all the trees which were encroaching on the boundary line. In the present case the trial court found that although the trunks of nine of the trees encroached onto plaintiff's property, that "[t]o cut out any portion of the trunk of the trees would have a substantial detrimental effect on the tree [sic] as a whole." The court further found that the trees are attractive and enhance the value of defendant's property, and that the trees are not interfering with any residence or physical structure on the property of plaintiff, or causing any damage or harm thereto. Based upon these findings, the court concluded that "[p]laintiff has not suffered sufficient damages as a matter of law or equity which would authorize this Court to order Defendant to cut down and remove mature trees at the expense of Defendant."

This court in *Abbinett v. Fox*, 103 N.M. 80, 703 P.2d 177 (Ct.App.1985), held that overhanging limbs or encroaching roots of non-noxious trees or other plants ordinarily are not nuisances except where they actually cause, or there is imminent danger of them causing, sensible damage to property other than plant life. *Abbinett* did not involve a claim of common boundary trees or a situation where the main portion or trunk of a neighbor's tree encroached on adjoining property.

In *Turner v. Coppola*, 102 Misc.2d 1043, 424 N.Y.S.2d 864 (1980), the court discussed the remedies available to a landowner seeking to prevent trees or other vegetation from encroaching on his property. The court held that a landowner may exercise self-help by removing that portion of a tree which encroaches on his land but

that, absent a showing that such invasion substantially deprives the plaintiff of the use and enjoyment of his land so as to constitute a private nuisance, the encroachment is not otherwise actionable. *See also Restatement (Second) of Torts* § 166 (1979). The court in *Turner* also denied relief under theories of negligence or trespass. *Turner* further observed that encroaching vegetation is generally subject to abatement by means of self-help, and:

> In any event, plaintiff may not go beyond the property line to cut or destroy part or all of a tree on the adjoining land unless the tree becomes a private nuisance as to an abutting owner, due to its rotted and diseased condition. *Childers v. New York Power & Light Corp.*, 275 App.Div. 133, 89 N.Y.S.2d 11 [1949].

> Under the maxim "de minimus non curat lex", we further believe that the alleged damages are not substantial enough to seriously interfere with the use and enjoyment of the plaintiff's premises * * *.

> Clashing land uses require an examination of the character of the neighborhood as well as the character of the defendants' and plaintiff's alleged harms and equities within a balancing framework.

*Id.* 102 Misc.2d at 1047, 424 N.Y.S.2d at 867 (citation omitted).

The court in *Holmberg* observed that the weight of authority in the United States permits a party to bring suit to abate a nuisance affecting their property, including a tree which encroaches onto the property of another thereby causing substantial harm to a neighbor. *Holmberg* further stated that where a nuisance is alleged to exist, as in other cases involving injunctive relief, the extent of the relief to be granted rests largely within the discretion of the trial court. *See also* Annotation, *Mandatory Injunction to Compel Removal of Encroachments By Adjoining Landowner*, 28 A.L.R.2d 679, 686 (1953). As recognized in *Holmberg* and *Turner*, a landowner may, even in the absence of a showing that a nuisance exists, exercise self-help to re-

move that portion of a tree or other vegetation which encroaches on his property. *See also Gostina v. Ryland*, 116 Wash. 228, 199 P. 298 (1921).

■ In the present case, although the trial court determined that the trees were not owned in common, it refused to order that defendant be required to remove the encroaching trees and instead sought to balance the equities between the parties, by balancing the value of the trees to the defendant against the character of the properties involved and the nature of the harm sustained by the plaintiff. The encroachment of the tree trunks onto plaintiff's property was found by the court to be minimal and to have occurred in an open field adjoining the two properties. The court directed that defendant yearly trench and trim the trees at her expense. Under the record herein we find no abuse of the trial court's discretion or error in its determination that the trees were not commonly owned by the parties.

## II. SUFFICIENCY OF EVIDENCE: PROPRIETY OF AWARD OF DAMAGES AND OTHER AFFIRMATIVE RELIEF

Defendant contends that there is insufficient evidence to support the trial court's conclusions that she failed to take reasonable steps to prevent invasion of the trees into plaintiff's property and negligently maintained her trees, allowing them to cross onto plaintiff's property and thereby cause damage to crops growing on plaintiff's lands. We agree.

■ Although the trial court found that elm trees have invasive root systems and that the trunks, branches, and roots of defendant's trees had overgrown the boundary line and encroached on plaintiff's property, it also found "[t]he reason the tree trunks and the root system are growing * * * more toward Plaintiff's property as opposed to * * * towards Defendant's property is because of the activities Plaintiff is engaging in on her own property,

namely * * * the use of fertilizer * * * and the irrigation of such land." Under *Abbinett*, however, harm caused *solely to plant life* on the land of an adjoining property owner resulting from overhanging branches or tree roots is not actionable.

In *Abbinett* this court considered an action brought by a landowner against an adjoining property owner for damage caused by tree roots to property other than natural vegetation. We held that where prior notice has been given and

> overhanging branches or protruding roots actually cause, or *there is imminent danger of them causing, sensible harm to property other than plant life*, in ways other than by casting shade or dropping leaves, flowers, or fruit, the damaged or imminently endangered neighbor may require the owner of the tree to pay for the damages and to cut back the endangering branches or roots * * *. [Emphasis partially omitted.]

*Id.* 103 N.M. at 84, 703 P.2d at 181 (quoting *Whitesell v. Houlton*, 2 Haw.App. 365, 369, 632 P.2d 1077, 1079 (1981)). A tree may be deemed a nuisance when it actually causes substantial damage or harm to property other than plant life or where the danger of causing harm is imminent. *Id. See also* Annotation, *Rights and Remedies in Case of Encroachment of Trees, Shrubbery, or Other Vegetation Across Boundary Line*, 128 A.L.R. 1221 (1940). The term "sensible" injury involves substantial and actual damages. *See Cannon v. Dunn*, 145 Ariz. 115, 700 P.2d 502 (Ct.App.1985).

Under the common law, no recovery or injunctive relief may be granted for damage to a landowner's property, including vegetation, caused by encroaching roots or branches from an adjoining landowner's trees. *See* 1 Am.Jur.2d *Adjoining Landowners* § 25 (1962). New Mexico, however, in *Abbinett*, adopted a modified version of the common law rule, which permits recovery or injunctive relief for damages to property other than plant life where there is sensible damage and notice of harm. *Abbinett* further recognized that injunctive

relief is proper where trees or other vegetation create a hazard or substantial harm to persons or property other than plant life.

■ *Abbinett* follows the common law or Massachusetts rule insofar as it applies to damage to plant life resulting from invading branches or roots from neighboring property. *See Michalson v. Nutting*, 275 Mass. 232, 175 N.E. 490 (1931); Annotation, *Rights and Remedies in Case of Encroachment of Trees, Shrubbery, or Other Vegetation Across Boundary Line,* 76 A.L.R. 1111 (1932). *See generally* Annotation, *supra*, 28 A.L.R.2d § 3, at 686. Under *Abbinett,* where the resulting damage is confined to plant life, the burden is placed on the owner of land to exercise self-help in order to protect against encroaching branches and roots from trees growing on adjoining property. *See also Cannon v. Dunn* (property owner who sustains injury from branches or tree roots may, without notice, cut off the offending branches or roots at his property line); *Turner v. Coppola* (property owner may cut back overhanging branches of adjoining landowner's tree to prevent falling leaves and shading of lawn). Where, however, vegetation on the property of another becomes a nuisance causing substantial harm, or creates an immediate danger of causing harm to property other than to plant life, the nuisance may be enjoined or abated by the court. *Abbinett v. Fox.*

■ In the instant case the record shows plaintiff did not allege the existence of a nuisance and plaintiff's evidence of alleged damages was limited to proof of damage to plant life adversely affecting the field crops adjoining the area where defendant's trees were growing. Plaintiff did not offer proof of any actual monetary amount of damages resulting from the encroachment of tree trunks onto her property. Under these circumstances it was error to award damages against defendant for injury to plant life resulting from overhanging branches or encroaching roots.

## III. DEFENSES

Defendant's answer and amended counterclaim raised the affirmative defenses of estoppel and acquiescence; defendant also alleged that she had acquired a prescriptive easement over plaintiff's property to maintain the encroaching trees. Additionally, defendant submitted requested findings of fact and conclusions of law seeking to invoke the defense of laches and asserting that defendant had acquired ownership of the land affected by the encroachment through adverse possession.

Among others, the trial court adopted finding of fact no. 18 determining that "[p]laintiff made no complaint that the trunks of the trees were encroaching upon her property and interfered with her ability to erect a fence on her property line until 1982," and finding no. 19 that "[p]laintiff made no complaint that the overhanging branches and roots of the trees were encroaching on her property and causing damage until this lawsuit was filed."

Similarly, the court found:

23. To cut out any portion of the trunk of the trees would have a substantial detrimental effect on the tree [sic] as a whole.

24. The encroachment of the roots onto Plaintiff's property could be resolved by yearly trenching which would cut off the root system; however, this would create a condition of danger in that this would undermine the support of the trees, unless a comparable portion of the tree's [sic] branches were trimmed.

25. Plaintiff testified that, due to the encroachment of the tree trunks, root system, and branches, she desires the Court to order Defendant, at the expense of Defendant, to cut down and remove all the trees.

Based upon its findings the court adopted conclusions of law determining, in part, that: plaintiff and her predecessors had not acquiesced in the elm trees establishing a boundary; defendant did not acquire title to the disputed tract through adverse possession; the boundary of the parties has not changed; the defendant has negligently maintained her elm trees and had allowed the elm trees to cross into the

plaintiff's property and to cause damage; and that plaintiff has not suffered sufficient damages as a matter of law or equity which would authorize the court to order defendant to cut down and remove mature trees at the expense of defendant.

The trial court's findings nos. 18 and 19 found that plaintiff had not objected to the encroachment of tree trunks until 1982, however, no conclusions were expressly adopted by the court on defendant's defenses of estoppel, prescriptive easement or laches. Although the defenses of laches and claim of adverse possession were not specifically plead by defendant, the trial court adopted a conclusion of law determining that the claim of adverse possession should be denied. We assume, but do not decide, that the trial court permitted defendant to assert adverse possession and laches as amendments to conform to the evidence. SCRA 1986, 1-015(B). Where a conclusion of law conflicts with, or does not follow a finding of fact, a reviewing court may determine that the finding is determinative of the issue and apply the proper conclusion of law. *Sachs v. Board of Trustees of Town of Cebolleta Land Grant*, 89 N.M. 712, 557 P.2d 209 (1976). Similarly, denial of a material requested finding of fact by the court amounts to a finding against the party except where the court fails to find one way or another on the issue. *See Aguayo v. Village of Chama*, 79 N.M. 729, 449 P.2d 331 (1969).

■ Where facts exist to support a finding of acquiescence, laches, or estoppel, a party may, under proper circumstances, be precluded from exercising self-help to abate an encroachment. Annotation, *supra*, 28 A.L.R.2d, at 679. Similarly, where a party has permitted an encroachment to exist for a long period of time and where belated exercise of self-help to abate an encroachment may create a hazard whereby removal of a substantial portion of the root system or trunk of an encroaching tree may endanger lives or injure adjoining property, a court wherein injunctive relief has been sought, may limit or restrict the exercise of self-help under its equitable authority. *See Gostina v. Ryland; see also Arnold v. Melani*, 75 Wash.2d 143, 449 P.2d 800 (1968) (recognizing that mandatory injunction is a proper remedy to compel the removal of an encroachment).

Upon review of the court's findings and conclusions in their entirety, we determine the case should be remanded for the adoption of specific findings of fact and conclusions of law on defendant's defenses of estoppel, laches and claim of prescriptive easement. The trial court's decision does not clearly resolve these issues. Since the trial court adopted findings of fact nos. 18 and 19, which relates to defendant's submitted conclusion of law on laches, on remand the trial court should adopte a finding indicating whether the pleadings were amended to conform to the evidence on his issue, and if so, specifically adopt findings of fact and conclusions of law thereon.

■ As discussed under point II, above, the findings of fact and conclusions of law adopted by the trial court erroneously awarded damages to the plaintiff for injury to plant life, but failed to specifically determine whether plaintiff's failure to exercise self-help to abate the encroaching roots, branches and tree trunks from 1966 to 1984 should preclude the issuance of injunctive relief. Where it appears that the decision of the trial court is grounded upon an error of law a reviewing court may properly remand the case for redetermination of the issues under correct principles of law. *Ferris v. Jennings*, 595 P.2d 857 (Utah 1979). *See also Tacoma Recycling, Inc. v. Capitol Material Handling Co.*, 34 Wash. App. 392, 661 P.2d 609 (1983). Additionally, where the findings of the trial court do not clearly resolve the basic issues in dispute to permit a reviewing court to fairly decide the issues on appeal, or when the court's decision is ambiguous, the court may remand the case for adoption of additional findings by the trial court. *Hillelson v. Republic Ins. Co.*, 96 N.M. 36, 627 P.2d 878 (1981); *see also Carter v. Mountain Bell*, 105 N.M. 17, 727 P.2d 956 (Ct.

App.1986); *State ex rel. Human Servs. Dep't v. Coleman,* 104 N.M. 500, 723 P.2d 971 (Ct.App.1986).

## CONCLUSION

We affirm that portion of the judgment of the trial court upholding plaintiff's right to reestablish the boundary line fence between the two properties, that plaintiff did not acquiesce in the trees as a boundary line between the properties, and the court's determination that the trees in question are not boundary line trees jointly owned by the parties. We reverse that portion of the trial court's judgment awarding monetary damages to plaintiff for injury to plant life situated on plaintiff's property, and remand the case for the adoption of additional findings of fact and conclusions of law on defendant's defenses of estoppel, laches, and claim of prescriptive easement, and for redetermination of the issues of whether plaintiff is limited to self-help to abate any encroachment or whether plaintiff is entitled to injunctive relief. The parties shall bear their own costs on appeal.

IT IS SO ORDERED.

ALARID, J., concurs.

HARTZ, J., concurs in part and dissents in part.

HARTZ, Judge (concurring in part and dissenting in part).

I agree with the majority that plaintiff has no claim against defendant based on alleged negligent failure to maintain the trees properly. In the circumstances of this case I fail to see how defendant owed plaintiff any duty with respect to watering or fertilizing the trees. Such a duty would come as quite a surprise to most homeowners and could only engender in appropriate litigation.

Aside from the negligence claim, *Abbinett v. Fox,* 103 N.M. 80, 703 P.2d 177 (Ct.App.1985) should govern this case. Recognizing that disputes like this do not belong in the courts, we declared in *Abbi-nett* that self-help is a property owner's sole remedy against encroachment by roots and branches from vegetation on neighboring property, when the only threatened injury to property from the encroachment is injury to plant life. I see no reason why encroachment by tree trunks should be treated differently from encroachment by roots or branches. Therefore, plaintiff has no claim against defendant for damages or injunctive relief.

Although *Abbinett* resolves this appeal, it does not resolve this dispute. Left to the future is the question of the extent to which plaintiff may exercise self-help when there is no threat to any property except plant life. Usually there would be no problem with plaintiff's removing all portions of the trees on her property; but the district court found that removal of the intruding portions of the trunks would cause substantial harm to the trees and that trenching of the roots without comparable branch trimming could create a danger by undermining the support of the trees.

We should not resolve that question on this appeal. The issue of the limits, if any, on self-help was not raised below or in the appellate briefs. It should be noted, however, that the right of self-help on one's own property may not be unlimited. *Abbinett* did not reach this issue; it is undecided in New Mexico.

A limitation on self-help may be inferred from the rule, recognized in the majority opinion, that a *joint owner* of a tree cannot trim branches and roots if such acts materially damage the tree. Why should a *non-owner* have a greater right to harm a tree? I would expect that ordinarily one would have greater rights in a boundary tree when one is a joint owner rather than a non-owner. For example, in *Rhodig v. Keck,* 161 Colo. 337, 421 P.2d 729 (1966) (En Banc), the plaintiffs wanted to prove they were joint owners so they could obtain damages from defendant for chopping down the trees. Therefore, a property owner exercising self-help on his own land with respect to a neighbor's tree may need

to exercise due care not to damage the tree substantially. *Cf. Beals v. Griswold*, 468 So.2d 641 (La.App. 4th Cir.1985) (considers cause of action by owner of tree against neighbor for improper trimming of branches). There may also be a cause of action if negligent self-help endangers neighboring property by undermining the tree's support. On the other hand, one may have the right to use self-help regardless of the consequences to the tree (1) if one takes action promptly after an unwanted tree sprouts or is planted at the boundary of one's property, or (2) if one gives fair warning of what one will do if the tree begins to encroach as it grows.

Of course, nothing prevents the parties from agreeing on how much trimming and trenching plaintiff may perform.