862 P.2d 1267

**Gaylord BIRD, Plaintiff–Appellant,**

v.

**Ray LANKFORD, Defendant–Appellee.**

**No. 13015.**

Court of Appeals of New Mexico.

Sept. 29, 1993.

Anthony F. Avallone, Thomas R. Figart, Law Systems of Las Cruces, P.A., Las Cruces, for plaintiff-appellant.

Lawrence M. Pickett, Pickett & Associates, Las Cruces, for defendant-appellee.

### *OPINION*

CHAVEZ, Judge.

Plaintiff appeals the trial court's judgment for Defendant after a bench trial on claims of conversion and deprivation of due process. Plaintiff's position is that Defendant converted Plaintiff's property by failing to comply with statutory requirements in his seizure and sale of the property. Further, Plaintiff contends Defendant proceeded in concert with state actors when he failed to comply with the statutory requirements, thus depriving Plaintiff of property without due process. We reverse and remand in part and affirm in part.

Defendant owns a storage facility. He and Plaintiff orally contracted to have Defendant store some of Plaintiff's goods in exchange for monthly rent. Defendant sued Plaintiff in magistrate court for back due rent and obtained a judgment for approximately $1,000. Plaintiff paid nothing on the judgment so Defendant transferred the goods from the storage facility to an auction company. Defendant notified Plaintiff through his attorney of this and published notice of sale in a local newspaper twice. Prior to the sale Plaintiff's at-torney retrieved some of his own goods from the property in Defendant's possession. However, Plaintiff testified at trial that his attorney never told him of the pending sale. Plaintiff filed suit in district court to obtain injunctive relief prohibiting the sale and damages. The district court granted a temporary restraining order pending a hearing. The court then dissolved the restraining order and Defendant proceeded with the sale through an auctioneer. The sale produced insufficient income to satisfy the judgment. The district court then took evidence, denied further injunctive relief and dismissed Plaintiff's claims of conversion and denial of due process.

Plaintiff's theory of liability on the conversion claim is that Defendant's failure to execute on the judgment according to statute means he exercised unreasonable dominion over Plaintiff's property. Initially, Plaintiff argues Defendant had a choice regarding how to collect money Plaintiff owed for rent on the storage unit. Plaintiff argues Defendant had a landlord lien against the contents of the facility. *See* NMSA 1978, § 48–3–5 (Repl.Pamp.1987) (lien applies to property of tenants remaining in the "house" rented); *see also Heyde v. State Sec., Inc.,* 63 N.M. 395, 400, 320 P.2d 747, 750 (1958) (defining "house" to include commercial establishments for the purposes of the predecessor of § 48–3–5). Therefore, according to Plaintiff, Defendant had to foreclose the lien pursuant to the statute applicable to landlord liens, NMSA 1978, § 48–3–13(A) (Repl. Pamp.1987). There is some indication that the parties also argued the Self–Service Storage Lien Act, NMSA 1978, §§ 48–11–1 through 48–11–9 (Repl.Pamp.1987), applied. According to the complaint in Magistrate Court, the underlying claim arose as a result of delinquent rent for the months of January through May of 1988. The Self–Service Storage Lien Act was effective July 1, 1987, pursuant to N.M.Laws 1987, ch. 314, § 12, so it was in effect at the time.

Notwithstanding that both lien statutes were effective at the time, neither applied to this situation. Section 48–3–5 refers to

"any lease or other agreement in writing...." The Self–Service Storage Lien Act centers around Section 48–11–3 "rental agreements," defined in Section 48–11–2(D) as "any written agreement...." In the District Court action, Plaintiff alleged that his contract for rent with Defendant was oral and Defendant admitted that. Therefore, there was neither a landlord lien nor a self-service storage lien on Plaintiff's goods. Defendant's only option was to levy on the judgment.

■ As Plaintiff is urging that Defendant had to proceed with execution but did not, this state of affairs may at first blush appear to be to Plaintiff's advantage. However, the general rule is that levies of execution on personal property need not be done in any exacting way. Instead, the test of whether a levy of execution is valid is to examine all the circumstances to determine whether there is substantial compliance with the levy statutes. *See* 30 Am. Jur.2d *Executions* § 235 (1967). Our Supreme Court has approved of a levy of execution that was only in substantial compliance with statutory requirements. *See Inman v. Brown*, 59 N.M. 196, 200, 281 P.2d 474, 476 (1955). Indeed, it appears substantial compliance is all that is necessary with most forms of debt collection. *See Southwest Community Health Servs. v. Safeco Ins. Co.*, 108 N.M. 570, 572, 775 P.2d 1287, 1289 (1989) (hospital lien statute); *Ulibarri v. Gee*, 106 N.M. 637, 638, 748 P.2d 10, 11 (1987) (mechanics' lien statute); *Garrett Bldg. Centers, Inc. v. Hale*, 95 N.M. 450, 453, 623 P.2d 570, 573 (1981) (materialmen's lien statute).

We next examine the purposes of the levy of execution statutes. Most of article 39, chapters 4 and 5 pertain to execution on real property. The relevant matters pertaining to execution on personal property are as follows. NMSA 1978, Section 39–4–1 (Repl.Pamp.1991) allows for execution through a sheriff. The same statute allows the creditor to direct the execution. NMSA 1978, Section 39–4–9 (Repl. Pamp.1991) requires sale of personal property to be "as provided by law." NMSA 1978, Section 39–5–1 (Repl.Pamp.1991) requires that the sale be at a specific time after notice in a newspaper for the four preceding weeks. Finally, NMSA 1978, Section 39–5–3 (Repl.Pamp.1991) requires the notice of sale to include information regarding the cause, the amount of the judgment, the date of the sale, and a description of the property.

The evident purpose of the levy of execution statutes is to provide for law enforcement assistance *to the creditor* if necessary, the statutory assumption being that the debtor usually possesses the levied-upon goods. Also, the advertising assures a fair public sale so the debtor's property can pay off as much of the judgment as possible. There is no provision requiring the debtor to be notified in the levy of execution statutes.

■ The question thus boils down to whether the evidence supported a judgment that the sale was fair. It is patent, however, that both parties and the trial court were proceeding under a misunderstanding of the applicable law. Therefore, it is appropriate for this Court to reverse and remand the conversion claim for a determination under the correct principles of law. *See Garcia v. Sanchez*, 108 N.M. 388, 395, 772 P.2d 1311, 1318 (Ct.App.1989) (justice requires remand when decision below is based on an error of law). The trial court is free to take more evidence since the judge who sat on this case at the original trial is no longer with the district court.

■ Turning to Plaintiff's due process claim, it appears from our reading of his briefs that he equates a failure to follow the statutory lien procedure with a violation of his due process rights. We note that a failure to follow a state statutory procedure does not necessarily amount to a violation of due process. *See Garcia v. Las Vegas Medical Ctr.*, 112 N.M. 441, 444, 816 P.2d 510, 513 (Ct.App.), *cert. denied*, 112 N.M. 308, 815 P.2d 161 (1991). Plaintiff relies on the same deprivation of statutory process for both his conversion and due process claims, but does not articulate why the failure to follow a statutory process amounts to a due process violation.

If, for instance, Plaintiff rests his case on the absence of a sheriff's execution, he has cited no authority supporting such a claim. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (if appellant fails to cite supporting authority this court will assume there is none). If he rests his case on the lack of notice, he does not indicate how the trial court's finding lacked the support of substantial evidence. *See Martinez v. Southwest Landfills, Inc.*, 115 N.M. 181, 184–86, 848 P.2d 1108, 1111–13 (Ct.App.1993) (failure to comply with SCRA 1986, 12–213(A)(2) (Repl.Pamp.1992) can mean this court will affirm challenges to the sufficiency of evidence). Plaintiff simply failed to carry his burden of clearly pointing out error, and we need not review this issue further. *See Santistevan v.*

*Centinel Bank of Taos*, 96 N.M. 734, 737, 634 P.2d 1286, 1289 (Ct.App.1980), *modified on other grounds*, 96 N.M. 730, 634 P.2d 1282 (1981).

We reverse and remand the conversion claim for further proceedings consistent with this opinion and affirm the dismissal of the due process claim.

**IT IS SO ORDERED.**

ALARID and FLORES, JJ., concur.