## CIRCUIT COURT OF ALBEMARLE COUNTY

Matthew W. Cline

    v.

Dunlora South, L.L.C.,
Stonehaus, L.L.C.,
and Bondstone Ventures, Inc.

September 29, 2010

Case No. CL10-122

By Judge Paul M. Peatross, Jr.

This case came to be heard before the court on Defendant Dunlora South's Demurrer. Argument was presented on August 19, 2010, and the court took the matter under advisement.

The facts pertinent to the action are that, while driving his vehicle, the plaintiff's vehicle was struck by a falling tree on a state owned road causing the plaintiff injury. At the hearing on August 19, 2010, it was determined the tree in question was on the property line of Dunlora South and VDOT or one-half on Dunlora South's land. The tree was dying, dead, or rotting.

The legal question for the Court to resolve is whether or not a landowner in Virginia is liable for personal injuries, as opposed to property damage, caused by a tree which was an imminent danger or caused actual harm to adjoining property or persons on that property?

*Fancher v. Fagella*, 274 Va. 549 (2007), establishes the rule in Virginia for these cases. *Fancher v. Fagella* concerned a dispute between two adjoining landowners, one of whom had a large sweet gum tree growing next to the property line whose growth caused damage to the retaining wall, home foundation, and drain pipes of his neighbor. The Virginia Supreme Court examined a variety of different liability regimes and subsequently adopted the "Hawaii approach" which states that "encroaching trees and plants may be regarded as a nuisance when they cause actual harm or pose an imminent danger of actual harm to adjoining property. If so, the owner of the tree or plant may be held responsible for harm caused to [adjoining property]." *Fancher v. Fagella*, 274 Va. 549, 555 (2007).

While the Virginia Supreme Court is clear in *Fancher v. Fagella* on liability concerning plants and damage to adjacent property, it does not establish a rule which covers personal injury liability. There is a notable lack of case law on the subject.

As such the Court looked to the source of the Hawaii rule for direction. The source of the Hawaii rule, *Whitesell v. Houlton*, 2 Haw. App. 365 (1981), does not extend the liability of a party to personal injury. The damages at issue in the *Whitesell* case did not involve personal injury, but rather damage to property and damage to a vehicle. Interestingly, the court awarded damages for the damage done to the van, which was caused by the tree while the van was being driven but did not award personal injury damages. The record was unclear as to whether injuries were sustained by the parties in the van.

The Court also looked at the case of *Lane v. W. J. Curry & Sons*, 92 S.W.3d 355 (Tenn. 2002), which the Virginia Supreme Court looked to in *Fancher* for an analysis of the liability regimes in use. The pertinent facts in *Lane* were that a property owner had on his land several large oak trees which overshadowed the house of a neighboring property owner, and, subsequently, a branch from one of the trees fell through the roof, attic, and kitchen ceiling of the neighboring property owner's house. *Lane v. W. J. Curry & Sons*, 92 S.W.3d 355, 357 (Tenn. 2002). In *Lane*, the Tennessee Supreme Court reversed the lower court's dismissal of the aggrieved home owner's claim, but again the claim was limited to property damage.

There is a distinct lack of case law to provide guidance on the liability of a party for personal injuries to another caused by a tree falling on a neighboring property. *Fancher* is a 2007 decision which establishes a new liability regime for the owners of vegetation which cause actual harm to the real property of others. This Court declines to derive a rule that has not been directly adopted as binding by the Supreme Court of Virginia. Accordingly, the Court finds that there is no case law which grants authority for an award of personal injury damages in this case, and the Demurrer is sustained.