# P. A. SORENSON CO. v. DENVER & R. G. R. CO.

No. 2943.   Decided March 14, 1917.   Rehearing Denied May 5, 1917.
(164 Pac. 1020.)

1. APPEAL AND ERROR—HARMLESS ERROR—EXCLUSION OF EVIDENCE.
   Where testimony excluded on defendant's exception was or
   could have been later introduced by plaintiff, the error, if any,
   in excluding it was harmless.   (Page 551.)

2. APPEAL AND ERROR—ADMONITION TO JURY ON VIEWING PREMISES
   —NECESSITY OF OBJECTION.   It was plaintiff's duty to require
   court to properly admonish jury as to purpose of viewing prem-
   ises, or to object to admonition given if not deemed sufficient,
   instead of presenting the objections on motion for new trial,
   or on appeal.   (Page 552.)

3. TRIAL—ADMONITION TO JURY UPON VIEWING PREMISES—SUFFI-
   CIENCY.   Court's admonition to jury before viewing premises
   claimed to have been injured by railway fire, that jury was
   merely to view the premises, "not to talk about the case at
   all; to look is all you are to do; not to take accounts, measure-
   ments, or to go out to act as detectives; not to be searchers
   for anything that has not been brought before you, or suggested
   to you"—was proper.   (Page 552.)

4. TRIAL—INSTRUCTIONS—ERRONEOUS REQUESTS—REFUSAL.   A re-
   quested instruction regarding consideration of testimony after
   jury's view of premises was properly refused, where as a whole
   it was misleading.   (Page 552.)

5. TRIAL—VIEW OF PREMISES BY JURY—PURPOSE.   The purpose of
   a view of premises by a jury is to enable them to better under-
   stand and more fully appreciate the evidence produced in open
   court, and is not for the purpose of taking independent evi-
   dence.   (Page 552.)

6. RAILROADS—FIRES—QUESTION FOR JURY—ORIGIN OF FIRE.   In view
   of conflicting evidence as to whether fire injuring plaintiff's
   property was caused by a railway train, no witness having seen
   the fire start, defendant's witnesses, who stated they saw no
   fire after passing of train, being in equally as good position
   to observe the facts as plaintiff's witnesses, the question was
   for the jury.   (Page 553.)

7. APPEAL AND ERROR—REVIEW—VERDICT—CONFLICTING EVIDENCE.
   Where a verdict is based upon conflicting evidence, it will
   not be disturbed on appeal.   (Page 554.)

Appeal from District Court, Third District; Hon. *Geo. G. Armstrong,* Judge.

Action by P. A. Sorenson Co. against the Denver & Rio Grande Railroad Co.

Plaintiff appeals from judgment for defendant and from order denying new trial.

AFFIRMED.

*S. P. Armstrong* for appellant.

*Van Cott, Allison & Riter* for respondent.

## APPELLANT'S POINTS.

That respondent's train set out the fire is proven by circumstances. The fire was discovered shortly after the train passed; the weather was dry; the engine threw sparks; other fires were set out by engines about the same time and place; the wind was blowing from the smoke stack toward where the fire started, about 30 feet distant; no other reasonable origin of the fire appears—, no persons passing or working near where the fire started. (11 R. C. L. 994; 3 Elliott Ry. (2d. Ed.) Sec. 1243, 1243a; 33. Cyc. 1368-9, 1381-5; *Ry.* v. *DeBusk,* 3 L. R. A. 350, 20 Pac. 752-3; *Clark* v. *Ellithrope,* 57 Pac. 940 (Kans.); *Abrams* v. *Ry.,* 27 Wash. 507-11-13; *Kelsey* v. *Ry.,* 1 S. Dak. 80-88; *Ry.* v. *Fernstemaker,* 163 Ind. 534-7; *Tutweiler* v. *Ry.,* 95 Va. 443-4; *Watt* v. *Ry.,* 62 A. St. 772, 778-9, 23 Nev. 154; *Ry.* v. *Ester,* 178 Ill. 192-6-7; *Ry.* v. *Trammell,* 114 Ga. 312-3; *Ry.* v. *Parry,* 65 Kans. 792; *Ry.* v. *Ind. Horshoe Co.* 154 Ind. 322, 333; *Ry.* v. *Ins. Co.,* 70 S. W. (Tex.) 999-1000; *Ry.* v. *Adams,* 66 S. W. (Tex.) 578; *Brown* v. *Benson,* 98 Ga. 372-3; *Ry.* v. *Williams,* 113 Ga. 335-7; *Ry.* v. *Kearns,* 76 Nebr. 861.) The fact that the train set out the fire raises a presumption of negligence, either in the manner of equipment or operation. (29 Cyc. 595; 33 Cyc. 1360-1-2; *Ry.* v. *Keller,* 36 Neb. 189-198; *Olmstead* v. *Ry.,* 27 Utah 515, 521-2.) No attempt was made to rebut this presumption, or to show that the engine was properly

equipped or operated. Respondent was also negligent in depositing and permitting to remain near its track, combustible rubbish, and if the engine set fire thereto, which spread to appellant's property, then such negligence was a proximate cause of the damage. (33 Cyc. 1338; *Smith* v. *Ry.*, 33 Utah 129, 135.)

### RESPONDENT'S POINTS.

The rule is well settled that where the particular engine which it is claimed caused the fire is identified, evidence that other engines threw sparks is inadmissible. It is only where the engine cannot be identified that such evidence becomes admissible. In this case the particular engine was identified. Only two trains went up the canyon that morning, one a freight, the other a passenger, within about thirty minutes of each other. If the fire was started by sparks from a locomotive it was from one of these two, the plaintiff contending that it was the passenger engine. The engines therefore were identified, and testimony as to other engines throwing sparks is inadmissible. (*Shelly* v. *R. R.*, 60 Atl. (Pa.) 581; *R. R.* v. *Osborn*, 51 Pac. (Kans.) 286; *R. R.* v. *Bailey*, 222 Ill. 480; 78 N. E. 833; *Sprague* v. *R. R.*, 78 Pac. (Kans.) 828; *Inman* v *R. R.*, 16 S. E. (Ga.) 958; *Akins* v. *R. R.*, 35 S. E. (Ga.) 671; *R. R.* v. *Insurance Co.*, 70 S. W. (Tex.) 999; 76 N. Y. Sup. 171; *R. R.* v. *Gilmore*, 53 N. E. (Ind.) 1078; *Collins* v. *R. R.*, 16 N. E. (N. Y.) 50; 1 Wigmore on Evidence, Sec. 455.)

CORFMAN, J.

This was an action brought to recover damages to property by fire, alleged to have been caused by the negligence of the defendant in the operation and management of its steam locomotive. The trial to the jury resulted in a verdict for the defendant. Plaintiff appeals.

The complaint, in substance, alleges that the plaintiff is the owner of certain lands situated in Smith's Fork of Parley's Canyon, Salt Lake County, Utah, rendered attractive and desirable as a place for summer residences, and for a summer resort, by reason of the growth thereon of large

numbers of natural, ornamental, and valuable trees, vines, bushes, and vegetation; that the plaintiff, prior to August 18, 1911, had established on its lands a summer resort, and built thereon summer residences, and that the lands were in demand and valuable for building locations for summer residences; that defendant, on the 18th day of August, 1911, had wrongfully and negligently permitted grass, weeds, rubbish, and combustible material to accumulate and remain on its right of way through said canyon, and operated over its track a steam locomotive not provided with sufficient safety screens and spark arresters, so that sparks of fire and fire cinders were emitted which set fire to said combustible materials, causing a conflagration to spread and extend from its right of way over and upon adjoining premises, and thence to extend to and spread over the said lands of the plaintiff, thereby destroying the trees and vegetation thereon; and rendering the same unfit and valueless for summer resort purposes, for which the lands were alone desirable; that plaintiff had incurred special damages and expenses in an endeavor to arrest the spread of said fire and prevent the destruction of its property thereby. The defendant, by its answer, denies all negligence on its part, and puts in issue all the material allegations of the complaint upon which the plaintiff's claims for damages were predicated.

Numerous errors are assigned and complained of by plaintiff on appeal, as follows: That the court erred in denying plaintiff's motion for a new trial because of the insufficiency of the evidence to justify the verdict, and because of errors in law occurring at the trial, in the exclusion and admission of certain testimony, and the refusal of the court to charge the jury as requested by the plaintiff. We have carefully reviewed the record, and, after doing so, find no prejudicial error committed by the court, either in the admission or exclusion of testimony excepted to by the plaintiff.

Furthermore, it appears that much of the testimony, excepted to by the defendant and excluded by the court at the time, was either afterwards offered and received, or the plaintiff, under the rulings of the court, excluding it at the time, might have introduced it in the further

progress of the trial, and it would serve no purpose, therefore, to here enter into a discussion of these assignments of error with particularity.

At the trial, on the conclusion of the testimony, the jury, after being admonished by the trial judge as to the purposes, were permitted to view the premises. Plaintiff contends that the trial judge failed to properly and sufficiently admonish the jury as to the purposes of the view, and thereafter failed to charge the jury as to what weight they should give to the knowledge attained thereby. **2, 3**

The record discloses that counsel for plaintiff was present in court. He made no objection whatever as to the jury not being propertly admonished, nor did counsel request that more implicit instructions be then given. It will be seen, therefore, assuming that there would be some merit in the contentions of counsel, that it was due the trial court that they be presented at a time when they could have been considered and acted upon before the conclusion of the trial, not on motion for a new trial, nor on appeal to this court. However, the trial court did admonish the jury as to the purpose before the view, and, as we think, quite properly, by telling them—

"not to talk about the case at all; to look is all you are to do. Not to take accounts, measurements, or go out to act as detectives. Not to be searchers for anything that hasn't been brought before you or suggested to you. Just view the premises."

Plaintiff further contends that the court erred in refusing to give plaintiff's request No. 18. The request, had it been complied with, would have charged the jury in very misleading and contradictory terms as to the purpose of the view and their knowledge attained thereby. First, the court would have instructed the jury, **4, 5**

"You should consider the testimony given in the case in the light of your inspection and of what you saw on the premises. In determining the value of the property before and after the fire, and the amount of damages to the property by the fire, you should be governed by the testimony given in court, and

not by any private opinion that you may form from your inspection.''

And, secondly, the court would have instructed that:

''Your verdict should be supported by other evidence than that derived from your observation, and any information, or knowledge, or ideas of value that you may have, should not be given any exclusive or predominating weight in determining your verdict.''

Had plaintiff been content with the language of the first quotation above given he might well complain of the court's refusal, but by offering the instruction as a whole, inclusive of the second quotation we make therefrom, the court was amply justified in refusing the request, for otherwise the jury might well have considered the instruction as against the law now contended for by plaintiff, and have erroneously concluded that the view was for the purpose of taking independent testimony, rather than for the purpose of enabling them to better understand and more fully appreciate the evidence produced before them in open court.

Other assignments of error, in the refusal of the court to instruct the jury in compliance with plaintiff's requests, we do not deem it necessary to here discuss. It suffices to say that the instructions of the court to the jury, when taken as a whole, were without prejudice to the rights of the plaintiff to a fair trial; and we may now best consider whether the court erred in denying plaintiff's motion for a new trial because of the insufficiency of the evidence to justify the verdict of the jury, and because the verdict is against law.

There is no question whatever that the evidence in this case shows that the plaintiff's property suffered substantial damage by fire. At the conclusion of the testimony given in behalf of the plaintiff it had been shown by witnesses for the plaintiff that, in the morning of the day of the fire, two of plaintiff's trains had passed up Parley's Canyon, one a freight, at about eight thirty a. m., and the other a passenger, at about nine a. m.; that from ten to forty minutes after the passenger train had passed, the fire was first discovered and was then burning, as estimated, probably seventy-five feet from the railroad track.

Witnesses for the defendant then testified of having seen these trains, at eight thirty and nine a. m., respectively, pass while they were in the same vicinity as the plaintiff's witnesses. One of these witnesses for the defendant, one Wilson, a section foreman for the defendant, testified that the two trains above mentioned were the only trains up the canyon the day of the fire; that about three-quarters of an hour after the last train had gone up the canyon he passed the place where the fire, as testified to by plaintiff's witnesses, had been burning in close proximity to the railroad track, and that he then saw no fire, nor any indications that there had been one, at the place testified to by plaintiff's witnesses. Johnson, another employee of the defendant, testified that he had that morning followed up the defendant's trains with a push car at about eleven a. m., stopping for five or ten minutes near the place where plaintiff's witnesses had testified of having seen the fire burning, and that he then saw no indications of a fire.

So far as the record shows the witnesses for the defendant were in equally as good position to observe and say whether a fire had started and was burning in close proximity to the defendant's railroad track, at or about the time contended for by plaintiff, as were the plaintiff's witnesses. Time, place, and circumstances were all essential factors in determining how the fire originated. No witnesses testified as to having seen the fire started, and necessarily the jury were left to determine the fact as to whether or not it originated from the defendant's locomotive, from the time, place, and circumstances, as observed and testified to by the witnesses in the case.

As we have heretofore seen and pointed out, the testimony of the several witnesses for the plaintiff and the defendant, in these particulars is in sharp conflict. The trial judge very properly left it for the jury to determine as to the origin of the fire and the liability of the defendant to answer in damages therefor. There being conflicting testimony, and the jury having found the issues in favor of the defendant, in keeping with the repeated rulings of this court, we cannot now disturb their findings.

We have carefully reviewed the authorities cited herein by

Appeal from Second District.

plaintiff's counsel on appeal, and, after doing so, feel that they are in full accord with and do not in any manner qualify the views of this court as herein expressed. The judgment of the District Court, denying a new trial, is therefore affirmed, with costs to respondent.

FRICK, C. J., and McCARTY, J., concur.

