## COON et al. v. UTAH CONSTRUCTION CO.

No. 7470. Decided March 12, 1951. (228 P. 2d 997.)

See 66 C. J. S. Nuisance, Sec. 75. Vibration as nuisance, see note 39 Am. Jur. 335.

*Grover A. Giles, E. LeRoy Shields,* Salt Lake City, for appellants.

*A. H. Nebeker,* Salt Lake City, for respondent.

McDONOUGH, Justice.

*Plaintiffs, appellants here, sued defendant to recover* damages allegedly resulting from the operation of defendant's trucks along 80th West street in Salt Lake county, said damages allegedly consisting of enlargement of cracks in the foundation and masonry walls of the plaintiffs' home from excessive vibration, and also the infiltration of unusual quantities of smoke and dust through doors and windows. From a judgment in favor of defendant, plaintiffs appeal, contending that the trial court should

have entered findings of fact, conclusions of law and judgment in their favor.

This being a law case, the contention of plaintiffs amounts to saying that the evidence was of such a character as to require judgment in favor of plaintiffs. Before setting out the facts, however, we advert briefly to the motion interposed by respondent to strike the bill of exceptions. In the light of the fact that the questioned extensions of time granted by the court below during which the bill might be served were prior to the date of adoption of the Utah Rules of Civil Procedure, we have concluded that a discussion of such motion would serve no useful purpose, and we therefore address ourselves to the merits.

The defendant operated approximately 15 Euclid trucks per day for a period of 18 hours per day over a paved highway adjacent to plaintiffs' home, from about July 26, 1948, to about March 1, 1949. Defendant sprinkled the street pavement several times each day during dry weather. When this present controversy arose, defendant requested plaintiffs to permit it to enter upon plaintiffs' premises to conduct an investigation and to make certain tests. Upon refusal of such request, defendant obtained a court order for inspection. Through the services of a specialist, defendant conducted tests in the house and on the land to measure the vibration caused by trucks, and also to measure the volume of noise. This type of evidence was proper in view of the contentions made by plaintiffs that the cracks in the foundation and in the walls were enlarged in consequence of vibrations from the operation of defendant's trucks. Defendant produced evidence that these trucks did not cause any greater vibration than buses and other trucks operated by the public over such public highway, and that the vibration from these trucks hardly registered on the testing device, but that the act of a person walking across the floor of the dining room resulted in a much greater vibration.

Defendant pleaded and offered in evidence a release for $3,000 given in a prior suit, which release recites that it was given for all damage sustained from the operation of defendant's trucks prior to date of settlement. Such release was not offered to bar this action, but merely to show that the damage occurring prior to date of the release had been compromised and settled. In connection therewith defendant presented evidence to show that the cracks in the foundation and in the brick walls were no greater at the time of trial in this case than they were at the time the release was given in the prior suit.

There was also testimony to the effect that the cracks in the brick walls and in the foundation were caused by insufficient footings for the foundation, and also that such cracks had existed for a number of years prior to the period of extensive operation of defendant's trucks. The trial court made a finding to this effect.

Plaintiffs offered no actual proof of monetary loss or any depreciation in value of the real estate. They contend on this appeal that the annoyance suffered by plaintiffs from dust, fumes and noise, was evidence such as to make mandatory a finding of damage. Disregarding the failure of the plaintiffs to establish the amount of damage or loss if their proof had otherwise been sufficient, the trial court made findings of fact to the effect that the defendant operated its trucks in the usual and ordinary manner in the use of the public highway, and while plaintiffs were annoyed thereby, such operations did not cause any physical damage to their house nor contribute in any way to the widening of the cracks in the foundation and walls previously existing, and that plaintiffs had failed to prove any damage from dust or fumes. The court concluded that the operations of defendant on said public highway by the use of its trucks in hauling gravel and soil, was a lawful use of the highway and did not create a nuisance nor cause any legal damage

to plaintiffs. In the light of the findings of fact, which are not assailed by any assignment of error, the conclusions of law are correct. See *Blumenthal* v. *City of Cheyenne, Wyo.*, 186 P. 2d 556. Cf. *Dahl* v. *Utah Oil Refg. Co.*, 71 Utah 1, 262 P. 269.

There is no merit to the appeal. The judgment is therefore affirmed, with costs to respondent.

WOLFE, C. J., and WADE, LATIMER and CROCKETT, JJ., concur.