268 P.2d 425

**CANNON v. NEUBERGER et ux.**

No. 8083.

Supreme Court of Utah.

March 22, 1954.

George C. Heinrich, Logan, for appel- . lant.

George D. Preston, Logan, for respondents.

DUNFORD, District Judge.

Plaintiff brought this action to abate a claimed nuisance in the form of three Carolina Poplar trees and two Siberian Elm trees which defendants have upon their property. The trial court ordered the Carolina Poplar trees "topped" by cutting twenty feet from the tops thereof, ordered removed the dead wood and sufficient of the branches to overcome a danger of the trees being blown over onto plaintiff's property. Plaintiff appealed claiming under three assignments of error, that the court should have ordered defendants to remove the offending trees from their property or require them to so control their growth as to keep their branches from overspreading, or the roots from permeating, or the leaves, twigs and branches from falling or being blown upon plaintiff's lot and buildings. We affirm the judgment of the lower court with costs to the respondents.

This action being in equity, the court will review the evidence and determine its weight. However, much consideration must be given to the trial court's findings, inasmuch as the presiding judge saw

and heard the witnesses, had a better opportunity to determine their knowledge of the facts testified to, to observe their demeanor indicating interest, prejudice, etc., and particularly inasmuch as he went upon the premises in question, and made first hand observations of conditions existing. Kinsman v. Utah Gas & Coke Co., 53 Utah 10, 177 P. 418. Kubby v. Hammond, 68 Ariz. 17, 198 P.2d 134. Erickson v. Hudson, 70 Wyo. 317, 249 P.2d 523. Smith v. Smith, 1 Utah 2d 75, 262 P.2d 283.

 Our statute Section 78–38–1, U.C. A.1953, defining nuisances and prescribing actions to correct, coming originally from the California Code of Civil Procedure, has been in effect in this State without change for a great many years and decisions of this court upon the question have been made in light of its provisions; but our court, as it well may, (see State v. Mortensen, 26 Utah 312, 73 P. 562, 633) has never interpreted the first word of the statute to mean "anything *at all* which (is) *any person considers to be* offensive to the senses," etc. Rather it has held that the term "nuisance" is applied to "the *unreasonable, unwarrantable* or *unlawful* use by a person of his property", and that "every person has a right to the reasonable enjoyment of his property. As to what is a reasonable use of one's property must necessarily depend upon the circumstances of each case, for a use for a particular purpose and in a particular way, in one locality, that would be lawful and reasonable might be unlawful and a nuisance in another. 1 Wood on Nuisances (3d Ed.) §§ 1 and 2. The test of whether the use of the property constitutes a nuisance is *the reasonableness of the use complained of in the particular locality and in the manner and under the circumstances of the case."* Dahl v. Utah Oil Refining Co., 71 Utah 1, 262 P. 269, 273. (Emphasis added.) A stricter construction of the statute would make community living almost impossible and the plaintiff here would, himself, (considering the Siberian Elm upon his own lot) probably be defendant tomorrow in suits by his neighbors on all sides. For that reason, our courts have not followed the California courts in interpreting and applying the statute. For typical interpretations of the statute in that state see Shevlin v. Johnston, 56 Cal.App. 563, 205 P. 1087; Stevens v. Moon, 54 Cal. App. 737, 202 P. 961.

In Coon v. Utah Construction Co., Utah, 228 P.2d 997, 998, which was a law action for damages based upon a claimed nuisance, this court pointed out that:

"* * * The trial court made findings of fact to the effect that the defendant operated its trucks *in the usual* and *ordinary* manner in the use of the public highway, *and while plaintiffs were annoyed thereby,* such operations *did not cause any physical damage* to their house nor contribute in any way to the widening of the cracks in

the foundation and walls previously existing, and that plaintiffs had failed to prove any damage from dust or fumes. The court concluded that the operations of defendant on said public highway by the use of its trucks in hauling gravel and soil, *was a lawful use* of the highway and *did not create a nuisance* nor cause any legal damage to plaintiffs." (Emphasis added.)

These were all of the findings of fact necessary in that case to support a conclusion of law to the effect that there was no actionable nuisance.

In this case the primary evidence concerning the penetration of plaintiff's property by roots came from the excavation of the foundation for an added room upon his home in 1952. Yet it is undisputed that the plaintiff has upon his own lot a Siberian Elm tree, (which is a quick growing, surface feeding and widely spreading tree,) much nearer to the excavation than either the Carolina Poplar trees or the Siberian Elms upon defendants' lot, and of which plaintiff complains. The plaintiff's own expert witness made examination of plaintiff's premises a few days before the trial, manifestly to equip himself to testify in behalf of the plaintiff, yet testified that he did not examine how far the roots of defendants' trees had permeated plaintiff's soil and he saw no evidence that roots had raised plaintiff's sidewalk. Defendant Mrs. Neuberger testified that there is no root disturbance of their own sidewalk. Furthermore, the plaintiff offered the trial judge the privilege of digging with a spade in any portion of his lot which he chose, in order that he might ascertain the root permeation. The trial judge visited the premises. We assume that he made a thorough examination. But even had he not done so, so far as the question of root permeation is concerned, we would have to sustain the trial court's finding upon the formal record above delineated.

 There are many trees in Logan, and some of these are poplars of different varieties. It is common knowledge that winds break branches from trees, and that trees in this climate, hard wood or otherwise, shed twigs, branches, leaves or needles. To hold trees to be nuisances subject to abatement in equity, or subject to actions at law for damages, merely because leaves or twigs or even branches in the ordinary course of affairs may be blown from them onto neighbors' lots, would be to condemn to abolition all shade trees in communities sufficiently settled to have perils of such experiences. It would thus require only a short time until the prevalence of trees in this state would be reduced to the "lone Cedar" which the pioneers found upon their entrance into Salt Lake Valley, and our communities would revert to blistering, windswept desert. Neither law nor equity could encourage, much less contribute to, such a condition.

Upon the state of this record, we are not called upon to determine the particular type of tree which may constitute a nuisance, nor to determine whether any tree whose roots may, in fact, destroy the reasonable and proper use of a neighbor's land, or whose branches may overhang to the same extent, may be subject to an action for damages or to abate, nor to determine when the owner of property thus effected could maintain an action at law or equity or when, if ever, he may be left to his common law right to cut off the offending roots and branches. We hold simply that the evidence, independent of the trial judge's view of the premises, is sufficient to sustain the judgment. Considering conflicts in the evidence and the disparagement between plaintiff's personal contentions and the trial court's findings, it is manifest that the judge's first hand observations during the view, weighed considerably in the court's interpretation of the evidence before it. Such is the purpose of a view of the premises by the trier of the facts. P. A. Sorenson Co. v. Denver & Rio Grande Railroad Co., 49 Utah 548, 164 P. 1020.

McDONOUGH, CROCKETT, HENRIOD, and WADE, JJ., concur.

WOLFE, C. J., being disqualified does not participate herein.