HELENA M. PONTE & another[1] *vs.* SILVERIO DASILVA & another.[2] March 7, 1983. Helena M. Ponte seeks damages for personal injuries sustained when she fell on the driveway of her home. Her husband, Joseph, seeks to recover for consequential damages and loss of consortium. Trial was held before a judge of a District Court, who found for the plaintiffs. An Appellate Division of the District Courts vacated the findings and ordered that the complaint be dismissed. This is the plaintiff's appeal from that decision. We affirm the order of the Appellate Division.

We summarize the facts set forth in the judge's memorandum of decision. The plaintiffs own residential premises in the city of New Bedford adjoining residential premises owned by the defendants. A large willow tree is located on the defendants' property, the trunk of which is about four feet from the plaintiffs' driveway. Branches overhang the driveway. Between 1976 and September, 1978, when Helena fell, leaves, sap and branches fell onto the driveway due to the natural characteristics of the tree, which was not diseased. The condition grew progressively worse. Prior to the accident the plaintiffs complained to the defendants about the clogging of their gutters and swimming pool filter, the debris on their motor vehicles, and the danger of bodily injury. They urged removal of the tree. About ten days before the accident the plaintiffs' attorney wrote to the defendants that Joseph Ponte had fallen on the debris and warned that similar incidents would occur if the tree were not removed. Helena fell on the driveway of the Ponte residence on September 9, 1978, due to sap and leaves that had come from the tree.

The defendants argue that the facts found by the judge do not warrant a finding for the plaintiffs. The Appellate Division agreed, as do we. This case is distinguishable from *Kurtigian* v. *Worcester*, 348 Mass. 284 (1965), involving injury as a result of a limb being blown from a decayed tree on adjoining premises. The failure of a landowner to prevent the blowing or dropping of leaves, branches, and sap from a healthy tree onto a neighbor's property is not unreasonable and cannot be the basis of a finding of negligence or private nuisance. Of course, a neighbor has the right to remove so much of the tree as overhangs his property.[3] *Michalson* v. *Nutting*, 275 Mass. 232, 233-234 (1931). To impose liability for injuries sustained as a result of debris from a healthy tree on property adjoining the site of the accident would be to ignore reality, and would be unworkable. No case has been brought to our attention in which liability has been imposed in such circumstances.

---

[1]Joseph G. Ponte.

[2]Fernanda DaSilva.

[3]We note the plaintiffs' contention that self-help of this kind would not have prevented the accident.

The order of the Appellate Division of the District Courts is affirmed.

*So ordered.*

*Norman R. McCarthy, Jr.* (*Kenneth Ponte* with him) for the plaintiffs.
*Francis J. Lynch, III,* for the defendants.