IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THERESA BOYLE and KENT BOYLE, husband and wife,<br><br>Appellants,<br><br>v.<br><br>JOHN W. LEECH and BRENDA G. LEECH, husband and wife,<br><br>Respondents. | No. 79069-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: January 28, 2019 |

CHUN, J. — The Boyles brought a nuisance action against their neighbors, the Leeches, for staining caused by debris from a tree on the latter's property. The trial court granted the Leeches' motion for summary judgment, ruling as a matter of law that the Boyles did not establish actionable nuisance. We affirm.

I.
BACKGROUND

John Leech lived at his current residence as a child in the 1950s. He moved back to the property in 1995 and currently lives there with his wife. A coastal redwood tree has grown on the property since Leech first lived there, and he believes that someone planted the tree in the 1930s. Leech estimates the trunk of the tree sits approximately 70 feet from the boundary line with the Boyles' neighboring property. He also estimates the branches stop approximately 50 feet before the boundary line. Leech stated he has received no prior complaints about the tree from the neighbors.

The Boyles moved into their home in July 2013. Wind blows debris from the Leeches' tree onto the Boyles' property. Sometimes, this debris causes staining. The staining does not remove easily, and requires power washing or strong cleaning products.

The Boyles hired Brian Allen, a certified arborist, to inspect the tree on the Leeches' property. Allen determined the sap and cones from the tree contains tannic acid, which stains the Boyles' property. In his report, Allen stated the tree "is dying slowly," causing excessive sap and cone production. Despite this diagnosis, Allen noted the "[t]ree is not currently considered high risk." On a 1 to 10 health scale (1 being the highest risk, with the potential for critical failure at any moment), Allen ranked the health of the tree as close to a 7. As a recommendation, the report provides, "Due to client's motivations, and the potential for continued and worsening damage to surrounding property, removal is recommended."

Because of the staining, the Boyles filed a nuisance action against the Leeches on September 28, 2016. The Boyles requested $5,000 in damages and asked the court to order the Leeches to abate the nuisance.

On June 26, 2017, the Leeches moved for summary judgment, arguing the Boyles failed to establish a prima facie case of nuisance.

The trial court granted the Leeches' motion for summary judgment on August 25, 2017. The Boyles filed a motion for reconsideration, which the court denied.

The Boyles appeal.

II.
ANALYSIS

A. Nuisance

The Boyles assert the trial court erred by ruling that debris from a tree wholly on a neighboring party's property cannot constitute a nuisance as a matter of law. The Leeches argue the Boyles did not establish a nuisance caused by any unlawful act or omission. Additionally, the Leeches contend the tree cannot constitute a nuisance because it exists entirely on their property. We conclude the trial court did not err by granting summary judgment in favor of the Leeches.

Appellate courts review de novo a trial court order granting summary judgment. MJD Props. LLC v. Haley, 189 Wn. App. 963, 968, 358 P.3d 476 (2015). Thus, on review, an appellate court engages in the same inquiry as the trial court and considers the facts in the light most favorable to the nonmoving party. Lewis v. Krussel, 101 Wn. App. 178, 182, 2 P.3d 486 (2000). A trial court properly grants summary judgment where the case presents no genuine issues of material fact and a party is entitled to judgment as a matter of law. Lewis, 101 Wn. App. at 182. "A material fact is one that affects the outcome of the litigation." Lewis, 101 Wn. App. at 182.

RCW 7.48.010 defines "actionable nuisance" as follows:

> The obstruction of any highway or the closing of the channel of any stream used for boating or rafting logs, lumber or timber, or whatever is injurious to health or indecent or offensive to the senses, or an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of the life and property, is a nuisance and the subject of an action for damages and other and further relief.

3

In Washington, "an unreasonable interference with another's use and enjoyment of property" constitutes a nuisance. Wallace v. Lewis County, 134 Wn. App. 1, 18, 137 P.3d 101 (2006) (citing Kitsap County v. Allstate Ins. Co., 136 Wn.2d 567, 592, 964 P.2d 1173 (1998)); see also MJD Props. LLC, 189 Wn. App. at 970 ("An activity constitutes a nuisance when it interferes unreasonably with a neighbor's use and enjoyment of his or her property.").

In nuisance cases, the trial court mainly considers whether a party reasonably uses his or her property. MJD Props. LLC, 189 Wn. App. at 970; Bradley v. Am. Smelting & Ref. Co., 104 Wn.2d 677, 689, 709 P.2d 782 (1985) (providing that "unreasonableness of the interference is necessary for liability"). To determine whether a use is reasonable, courts balance the rights, interests, and convenience unique to the case. Mustoe v. Ma, 193 Wn. App. 161, 169, 371 P.3d 544 (2016). Trial courts consider all the surrounding facts and circumstances. Jones v. Rumford, 64 Wn.2d 559, 563, 392 P.2d 808 (1964); Mustoe, 193 Wn. App. at 169 ("In a nuisance case, the fundamental inquiry concerns whether the use of certain land can be considered reasonable in relation to all the facts and circumstances."). "While reasonableness is typically a question of fact, a court may resolve such questions as a matter of law where reasonable minds could come to only one conclusion." Lakey v. Puget Sound Energy, Inc., 176 Wn.2d 909, 924, 296 P.3d 860 (2013).

Here, the tree grows entirely on the Leeches' property, without branches overhanging onto the Boyles' yard.[1] Leech believes the tree has been on the property for 80 years. Aside from the Boyles, no neighbor has ever complained to Leech about the tree.

The Boyles describe the tree as "a dying tree shedding toxic debris." Though their expert opined that the tree is dying slowly, he determined the tree remained relatively healthy. The expert's report describes the tree's debris as "excessive" rather than toxic. The report further explains there is only a "potential" for continued damage and recommends removal "due to client's motivations."

The Leeches did not act unreasonably with regard to the tree, especially given the tree is located entirely on their property. As such, the Boyles cannot establish nuisance as a matter of law. The Leeches are not required to remove the tree to prevent staining from occurring on the Boyles' property. Cf. Gostina v. Ryland, 116 Wn. 228, 232, 199 P. 298 (1921) ("the person over whose land [branches] extend may cut them off, or have his action for damages . . . but he may not cut down the tree").

No published case in Washington (or elsewhere, apparently) addresses a nuisance action regarding a tree situated wholly on another's property. However, the Washington Supreme Court's opinion in Gostina, provides insight. In Gostina, the Supreme Court determined that overhanging tree branches or

---

[1] Additionally, nothing in the record suggests the tree's roots encroach onto the Boyles' property.

encroaching roots onto a neighboring property constitute nuisances. Gostina, 116 Wn. at 231. Furthermore, a property owner who permits his or her tree to extend onto a neighboring property commits "an unequivocal act of negligence." Gostina, 116 Wn. at 232. Accordingly, the case holds a party may cut back to the property line any tree branches or roots that intrude onto his or her property. Gostina, 116 Wn. at 233. In dicta, the Court noted, "[t]he remainder of the trees will doubtless shed their leaves and needles upon the [plaintiff's] premises; but this they must endure positively without remedy." Gostina, 116 Wn. at 235.

Other courts have reached similar conclusions. In Cannon v. Neuberger, 1 Utah 2d 396, 268 P.2d 425 (1954), a plaintiff sued a neighbor to remove the trees on their property that encroached onto his. The plaintiff appealed the trial court's order, which denied his request for an order requiring the defendants to either remove the trees at issue or control their growth to prevent them from overspreading or dropping leaves, twigs, and branches. Cannon, 1 Utah 2d at 397. In affirming the trial court's order, the Utah Supreme Court noted as follows:

> It is common knowledge that winds break branches from trees, and that trees in this climate, hard wood or otherwise, shed twigs, branches, leaves or needles. To hold trees to be nuisances subject to abatement in equity, or subject to actions at law for damages, merely because leaves or twigs or even branches in the ordinary course of affairs may be blown from them onto neighbors' lots, would be to condemn to abolition all shade trees in communities sufficiently settled to have perils of such experiences.

Cannon, 1 Utah 2d at 399.

The Intermediate Court of Appeals of Hawaii discussed the issue in Whitesell v. Houlton, 2 Haw. App. 365, 632 P.2d 1077 (1981). Although this

6

case also addressed tree branches that overhung a neighbor's property, the court held "that overhanging branches or protruding roots constitute a nuisance only when they actually cause, or there is imminent danger of them causing, sensible harm to property other than plant life, in ways other than by casting shade or dropping leaves, flowers, or fruit." Whitesell, 2 Haw. App. at 367. Certainly, if natural debris from an overhanging tree should not constitute a nuisance, neither should such debris from a tree that does not encroach onto neighboring property.

Finally, in Ponte v. DaSilva, 388 Mass. 1008, 446 N.E.2d 77 (1983), the plaintiff suffered injury when she slipped on branches that had fallen onto her property from a neighbor's overhanging tree. The Supreme Judicial Court of Massachusetts held "[t]he failure of a landowner to prevent the blowing or dropping of leaves, branches, and sap from a healthy tree onto a neighbor's property is not unreasonable and cannot be the basis of a finding of negligence or private nuisance." Ponte, 388 Mass. at 1010. Following Ponte, the Kentucky Court of Appeals also concluded that "[i]mposing liability upon a landowner for damage resulting from the natural dropping of leaves and other ordinary debris would result in innumerable lawsuits and impose liability upon a landowner for the natural processes and cycles of trees." Schwalbach v. Forest Lawn Memorial Park, 687 S.W.2d 551, 552 (1985).

Wind blowing natural debris from the Leeches' tree causes staining on the Boyles' property. We decide that this—debris from a tree wholly on another's property—does not constitute a nuisance. Cases from other courts accord with

7

this conclusion. Therefore, the trial court did not err in granting summary judgment in favor of the Leeches.[2]

B. Attorney Fees on Appeal

In their request for attorney fees, the Leeches cite RAP 18.1 and request "any and all statutory costs and fees that they may be entitled to as the prevailing party." However, RAP 18.1 "requires more than a bald request for attorney fees on appeal. Argument and citation to authority are required under the rule to advise the court of the appropriate grounds for an award of attorney fees and costs." Stiles v. Kearney, 168 Wn. App. 250, 267, 277, P.3d 9 (2012). Because the Leeches fail to provide any grounds for an attorney fee award on appeal, we deny their request.

Affirmed.

_____Chun, J._____

WE CONCUR:

_____          _____

---

[2] Because we determine the trial court did not err in ordering summary judgment, we similarly decide the court properly denied the Boyles' motion for reconsideration.

8