# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| OLASEBIKAN AKINMULERO, | No. 83746-0-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| ALLIED RESIDENTIAL-CARRIAGE HOUSE, |  |
| Respondent. |  |

BIRK, J. — Representing himself below and on appeal, Olasebikan Akinmulero challenges the summary judgment dismissal of a lawsuit against his landlord. Akinmulero contends the trial court erred in granting summary judgment because he raised genuine issues of material fact. Akinmulero also claims the court failed to properly follow the procedural rules for summary judgment. Finding no error, we affirm the dismissal.

I

On March 18, 2021, Akinmulero filed a complaint against Allied Residential-Carriage House Apartments, the owner and property manager of his apartment unit. The complaint alleged that Allied breached the residential lease agreement and violated a statewide moratorium on residential evictions[1] by taking "illegal

---

[1] On December 31, 2020, Governor Inslee issued a proclamation to extend an eviction moratorium first issued in March 2020, until March 31, 2021. See Proclamation of Governor Jay Inslee, No. 20-19.5 (Wash. December 31, 2020)

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

action to evict/detainer of property." Among other relief, Akinmulero requested the immediate "return [of] plaintiff's car from detention." Akinmulero attached to his complaint notices issued by the Department of Licensing, including a "Vehicle Impound Notice" indicating that, on March 8, 2021, an Allied employee authorized a towing company to remove and impound his vehicle.[2]

Allied filed a motion for summary judgment. Allied submitted declaration testimony of its "Community Manager," stating that in "March 2021" Allied had arranged for the removal Akinmulero's vehicle because the registration tabs had expired in 2018. According to the declaration, after the vehicle was "tagged for towing" the tenant failed to remove it or update the registration tabs, and on March 8, 2021, the vehicle was towed. Allied maintained that the lease explicitly authorized its action and the eviction moratorium did not restrict its ability to enforce rules stated in the lease related to parking and vehicles on its property. Attached to the declaration, the "Community Manager" supplied a copy of a Department of Licensing registration certificate showing that Akinmulero's vehicle's registration expired on June 5, 2018, documents related to the towing and eventual sale of the vehicle, a copy of the lease agreement, and a copy of the governor's proclamation related to evictions that was in effect in March 2021.

---

https://www.governor.wa.gov/sites/default/files/proclamations/proc_20-19.5.pdf; see also Proclamation of Governor Jay Inslee, No. 20-19 (Wash. March 18, 2020) https://www.governor.wa.gov/sites/default/files/proclamations/20-19%20-%20COVID-19%20Moratorium%20on%20Evictions%20%28tmp%29.pdf.

[2] That document informed Akinmulero of how to redeem his vehicle, remove personal property from the vehicle, and/or request a hearing to contest the impoundment.

In a "Cross Motion Opposition," Akinmulero argued that summary judgment was inappropriate because his vehicle was properly registered when it was towed and that there had been a prior "attempt to steal the registration tag off the license plate." Akinmulero asserted that he had provided a copy of the valid 2021 registration to the landlord and placed a copy on his dashboard. He characterized the landlord's removal of his vehicle as "eviction/detainer," and claimed that, unlike law enforcement, the landlord had no authority to enforce vehicle registration regulations.

In support of his written argument, Akinmulero submitted several unauthenticated copies of photographs purporting to depict his vehicle and license plate. He attached a copy of a registration certificate indicating that his vehicle registration was valid between March 2020 and June 2021 and that a 2021 decal was issued for the vehicle, a copy of a 2021 notice related to an outstanding balance of rent due for his apartment unit, and a copy of a March 19, 2021 e-mail message from "Management" relating to the circumstances of the impoundment. The registration certificate indicates it was issued March 18, 2020. Akinmulero did not submit any evidence under penalty of perjury and never claimed in any form that he had affixed current registration tabs to the vehicle license plates.

The court initially scheduled a videoconference hearing on the motion for February 4, 2022. The court later struck the hearing and rescheduled it for February 11, 2022 and the court's bailiff informed the parties that the court would consider the matter without oral argument. On February 10, 2022, the court

3

entered an order granting summary judgment and dismissed all claims against Allied with prejudice. The court denied Allied's request for attorney fees and costs based on a lease provision because Allied had failed to substantiate its request. Akinmulero appeals.

II

Summary judgment proceedings are governed by CR 56. A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." CR 56(c). Appellate courts review a summary judgment order de novo and perform the same inquiry as the trial court. Borton & Sons, Inc. v. Burbank Props., LLC, 196 Wn.2d 199, 205, 471 P.3d 871 (2020).

"In a summary judgment motion, the moving party bears the initial burden of showing the absence of an issue of material fact." Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989).

> If the moving party is a defendant and meets this initial showing, then the inquiry shifts to the party with the burden of proof at trial, the plaintiff. If, at this point, the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial", then the trial court should grant the motion.

Id. (footnote omitted) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). "The nonmoving party may not rely on speculation, argumentative assertions, 'or in having its affidavits considered at face value; for after the moving party submits adequate affidavits, the nonmoving party

must set forth specific facts that sufficiently rebut the moving party's contentions and disclose that a genuine issue as to a material fact exists.' " Becker v. Wash. State Univ., 165 Wn. App. 235, 245-46, 266 P.3d 893 (2011) (quoting Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 13, 721 P.2d 1 (1986)). Although the evidence is viewed in the light most favorable to the nonmoving party, if a party bearing the burden of proof fails to make a factual showing sufficient to establish an element essential to that party's case, summary judgment is warranted. Young, 112 Wn.2d at 225.

III

Allied's showing through admissible evidence that it had the vehicle towed pursuant to the lease shifted the burden to Akinmulero under Young to come forward with specific admissible evidence showing a genuine issue of material fact. Akinmulero claims there was conflicting evidence about whether his vehicle's registration was valid in March 2021 and whether a previously-issued tab had been peeled off and "partially stolen from the car." But Akimulero did not assert, much less establish through admissible evidence, that a 2021 registration tab was ever affixed to his license plate.

Akinmulero filed no affidavit, declaration or other sworn testimony to establish a factual basis for his claims. CR 56(e) requires that evidence submitted be "[s]worn or certified" and either attached to or served with an affidavit. Alternatively, GR 13(a) allows submission of an unsworn statement in lieu of an affidavit if it contains the proper recitation that it was made under penalty of

perjury.[3]  See SentinelC3, Inc. v. Hunt, 181 Wn.2d 127, 141, 331 P.3d 40 (2014) (evidence submitted on summary judgment must be admissible).   The only photograph he provided, which purports to depict his license plate in March 2021, bears a tab that expired in June 2018 and is consistent with the apartment manager's declaration.  The photograph does not provide evidence of theft or show that a 2021 registration tab was attached to the license plate or otherwise on the vehicle in March 2021.

Even assuming a factual dispute about the status of Akinmulero's vehicle registration in March 2021, he fails to explain how that status was material to his claims.  See Owen v. Burlington N. Santa Fe R.R., 153 Wn.2d 780, 789, 108 P.3d 1220 (2005) ("A material fact is one that affects the outcome of the litigation."). The eviction moratorium in place in March 2021 related to "Evictions and Related Housing Practices," and prohibited landlords, except under limited circumstances, from serving or enforcing "any notice requiring a resident to vacate any dwelling or parcel of land occupied as a dwelling."  Proclamation of Governor Jay Inslee, No. 20-19.5 (Wash. December 31, 2020).  It also prohibited the assessment of certain fees and rent increases on residential rental property.  Proclamation 20-19.5.  The moratorium did not proscribe the enforcement of rules pertaining to vehicles, parking, or tenants' personal property. See Proclamation 20-19.5.  The Residential Landlord-Tenant Act of 1973, chapter 59.18 RCW, defines a "dwelling unit" as a

---

[3] Akinmulero appears to contend that he attested to the facts recited in his written argument under penalty of perjury because the certificate of service includes that language.  But that document was limited to certifying his delivery of the "brief and Filing" to defense counsel.

"structure or that part of a structure which is used as a home, residence, or sleeping place" and includes, "single family residences and units of multiplexes, apartment buildings, and mobile homes." RCW 59.18.030(10). And the extensive preamble language of the governor's proclamation clearly articulates that the purpose of the measure was to prevent "housing instability," "homelessness," and reduce the likelihood that Washington residents would be evicted "from their homes" due to the economic conditions that arose from the COVID-19 pandemic. See Proclamation 20-19.5. Akinmulero does not show that either his vehicle or its parking spot should be viewed as a dwelling, and does not otherwise address the language of the moratorium or point to any specific provision. Since Akinmulero fails to show Allied's actions implicated the eviction moratorium, the alleged factual disputes did not prevent summary judgment.[4]

Similarly, while Akinmulero broadly claimed that Allied breached the residential lease agreement, nowhere in his complaint or response to summary judgment did he discuss the lease or any of its provisions. Nevertheless, according to the documentary evidence Allied supplied, the lease contains several provisions related to vehicles and parking, including the following:

> VEHICLES - Without notice and without liability, LANDLORD may remove any vehicle from any parking space or carport, which in LANDLORD'S opinion is parked illegally or which remains inoperable for a period of twenty-four (24) hours. For purposes of this agreement, the term inoperable means inoperable according to

---

[4] In reply, Akinmulero suggests that removing his vehicle was an "initial step" toward eviction based on outstanding back rent. But there is nothing in the record to indicate that the landlord initiated an eviction proceeding or that the removal of the vehicle was connected to rental arrears.

> Washington State law and includes any vehicle with <u>expired license tabs</u>.[5]

(Emphasis added) (boldface omitted). In light of this contractual language allowing the landlord to remove a vehicle from its premises if it displays "expired license tabs," Akinmulero does not explain how a dispute about the status of his registration or an alleged theft of "the previous year tab" creates an issue of fact as to breach of the lease. Instead, Akinmulero points out that reasonableness is generally a question for the trier of fact. Akinmulero presents no competent evidence that Allied's actions were unreasonable, particularly given the parties' contractual agreement to the removal of noncompliant vehicles. But, even if there were evidence of unreasonableness, such evidence would not establish Akinmulero's breach of contract claim, which would still require establishing that Allied failed to perform a contractual duty. See <u>Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.</u>, 78 Wn. App. 707, 712, 899 P.2d 6 (1995) ("A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant."). Akinmulero does not dispute the terms of the lease or allege breach of any particular provision.[6]

---

[5] Akinmulero claims there is a "question of [p]erjury" because the lease was amended and Allied failed to provide the amended agreement. But neither the January 2022 letter about the impending reinstatement of fees that were suspended during the eviction moratorium, nor the enactment of the moratorium itself, establishes that the lease was altered or amended.

[6] Akinmulero asserts that, to the extent the lease requires a tenant's vehicle to be moved every 24 hours, the provision is impossible to comply with, and therefore, invalid. But Akinmulero raises this, and several other issues, for the first time in his reply brief. "An issue raised and argued for the first time in a reply brief is too late to warrant consideration." <u>Cowiche Canyon Conservancy v. Bosley</u>, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). In any event, no evidence in the record indicates that Allied removed the vehicle because it had not been moved in a 24 hour period.

Insofar as Akinmulero claims the trial court erred in granting summary judgment because the apartment manager was not qualified to provide expert testimony interpreting the lease, he did not object below. This court generally will not address claims of error not raised in the trial court. See RAP 2.5(a). Even so, Allied did not offer the manager's declaration as expert testimony under ER 702. The manager's declaration testimony that the lease requires that "any vehicle parked on the property must have current registration tabs" appears to have been within the scope of her personal knowledge and rationally related to her perceptions. See ER 701 (lay witness may offer opinion testimony to the extent it is rationally based on the witness's perception, helpful to a determination of fact, and not based on technical, scientific or specialized knowledge).

IV

Akinmulero raises several arguments related to the trial court's procedure. First, he appears to challenge the trial court's decision to reschedule the hearing and strike oral argument. He provides no authority, however, to suggest that the court lacked discretion to adjust the date of the hearing or was required to allow oral argument. See Keck v. Collins, 181 Wn. App. 67, 96, 325 P.3d 306 (2014) (Korsmo, J., concurring) (decisions related to scheduling summary judgment hearings are reserved to trial court's discretion), aff'd, 184 Wn.2d 358, 357 P.3d 1080 (2015); see also King County Local Court Rules (KCLCR) 7(b)(4)(B) (outlining procedure for scheduling oral argument on dispositive motions). Although the King County Local Civil Rules start from the presumption that

9

dispositive motions such as summary judgment will be heard with oral argument, they do not alter the court's inherent authority to determine that argument is not necessary and rule on a dispositive motion based on the parties' written submissions. Akinmulero also fails to articulate any prejudice resulting from the trial court's resolution of the motion without oral argument.

Second, Akinmulero alleges a violation of "ex parte law" because he was not included in some e-mail communication between defense counsel and trial court staff. He appears to reference an inquiry from Allied's counsel to the court about setting a hearing on a motion to dismiss counsel intended to file. Communication to facilitate the scheduling of a hearing on a motion is not improper under the King County Superior Court Local Civil Rules. See KCLCR 7(b)(4)(B) ("The time and date for hearing shall be scheduled in advance by contacting the staff of the hearing judge."). Akinmulero fails to show any prejudice resulting from the fact he was not initially included in some scheduling e-mails, and further fails to show that any substantive communication occurred on an ex parte basis.

Third, Akinmulero alleges a "clear violation" of CR 56 when the trial court entered the order on summary judgment on the day before it was scheduled to consider the motion. At the time of the trial court's ruling, briefing had closed and all parties had had the appropriate opportunity to present evidence and argument on the motion. Akinmulero fails to explain how the court's consideration of the motion on the day before the noting date, when the motion was scheduled to be

10

heard without argument, was contrary to CR 56 or how he was prejudiced by the timing of the court's ruling.

V

Citing RCW 4.84.330, Allied requests attorney fees and costs on appeal. "Reasonable attorney fees are recoverable on appeal if allowed by statute, rule, or contract, and the request is made pursuant to RAP 18.1(a)." In re Guardianship of Wells, 150 Wn. App. 491, 503, 208 P.3d 1126 (2009). RCW 4.84.330 provides,

> In any action on a contract or lease . . . where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements.

Allied refers to fees authorized by the "rental agreement" but does not cite to the record or describe any provision of the lease related to attorney fees. Allied does not address whether this action arose out of the contract such that a contractual fee-shifting provision would apply. See Boguch v. Landover Corp., 153 Wn. App. 595, 615-16, 224 P.3d 795 (2009) (action is "on a contract" when a contract is central to the dispute and the claim alleges a breach of a specific contractual term, irrespective of other legal duties imposed under the law). Nor does Allied indicate whether the provision at issue is bilateral or unilateral and, "[b]y its terms, RCW 4.84.330 applies only to contracts with unilateral attorney fee provisions." Kaintz v. PLG, Inc., 147 Wn. App. 782, 786, 197 P.3d 710 (2008).

RAP 18.1(b) requires more than a bald request for attorney fees on appeal. Boyle v. Leech, 7 Wn. App. 2d 535, 542, 436 P.3d 393 (2019). "The party

requesting fees on appeal is required by RAP 18.1(b) to argue the issue and provide citation to authority in order to advise the court as to the appropriate grounds for an award of attorney fees and costs." Blueberry Place Homeowner's Ass'n v. Northward Homes, Inc., 126 Wn. App. 352, 363 n.12, 110 P.3d 1145 (2005). Allied's argument is inadequate to establish its entitlement to attorney fees and costs on appeal.

We also decline to award attorney fees to Akinmulero, who requests an award of fees for the first time in his reply brief and is not the prevailing party on appeal. Moreover, as a general matter, pro se litigants are not entitled to attorney fees for their work representing themselves. See Mitchell v. Dep't of Corr., 164 Wn. App. 597, 608, 277 P.3d 670 (2011). Both parties' fee requests are denied.

Affirmed.

Birk, J.

WE CONCUR:

Coburn, J.                Brenner, J