IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of<br><br>JOYCE LEE CALHOUN,<br><br>        Appellant,<br><br>and<br><br>ALLEN WALTER CALHOUN,<br><br>        Respondent. | No. 84785-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, A.C.J. — Joyce Calhoun challenges the findings and conclusions about a marriage entered by the trial court and the distribution of real and personal property directed in the final divorce order.  Because she was not present at the trial on the dissolution of the marriage and does not argue that an exception to RAP 2.5 applies, her claims are not preserved for appeal and we affirm.

FACTS

Joyce and Allen Calhoun[1] married on March 15, 1968.  On September 4, 2020, Joyce filed a petition for dissolution of the marriage in King County Superior Court and later filed an amended petition on December 24.

---

[1] For clarity, because they share the same last name, we refer to Joyce and Allen by their first names.  No disrespect is intended.

On January 22, 2021, the trial court entered a temporary order addressing the community and separate property that required Allen to make $2,400 monthly spousal support payments to Joyce, allowed Joyce to continue residing in the family home, directed Allen to deposit $80,000 into the parties' joint checking account, and required Joyce and Allen to each pay 50 percent of the property taxes and homeowner's insurance on the family home. Although trial was originally scheduled for August 2, Allen and Joyce jointly requested that it be moved to November 1, in anticipation of successful mediation on July 12, and the request was granted.

Allen and Joyce engaged in mediation in the summer of 2021, but were unable to resolve the issues. They rescheduled private arbitration for November 30, filing a certificate of settlement without dismissal with the court. Arbitration was cancelled when Joyce's attorneys withdrew. Allen's attorney attempted to contact Joyce and reschedule arbitration twice but Joyce failed to respond. On April 14, Allen filed a motion to vacate the certificate of settlement and to reset a trial date. On May 3, the trial court granted the motion and set trial roughly for a year later on May 1, 2023. On June 24, the court granted Allen's request to reschedule the trial on the basis that the temporary family law order requiring maintenance and 50 percent of the property taxes was creating a financial hardship for him. The trial was set for November 7, 2022.

On October 21, Joyce presented to the hospital, concerned that she was experiencing a stroke. After she was medically cleared by physicians at the hospital, she was transferred to another facility on a voluntary basis for mental

health monitoring. Joyce was discharged on October 25 with various medical diagnoses and two psychiatric diagnoses. On November 2, a pretrial conference was held using a digital platform for remote proceedings. Joyce did not appear and the court noted that she had not responded to the bailiff's attempts to contact her. Joyce asserted, and subsequently presented medical documentation to support that, on November 7, she attended an appointment at another medical facility to follow up on her previous hospitalization for mental health care.

The dissolution trial was conducted remotely on November 9, 2022. Allen attended the trial but again Joyce did not appear. The judge mentioned that his bailiff had communicated with Joyce a few days prior and confirmed that Joyce had the information that she needed to join the trial, so the judge proceeded "with the assumption that she has chosen not to join us." During the trial, the court reviewed evidence of regular expenses and ascertained each party's source of income. On November 14, the court entered findings of fact and conclusions of law about the marriage, along with a final order characterizing and distributing the various assets and dissolving the marriage.

The court determined the total value of all assets in the marriage and ruled that Joyce must make a transfer payment to Allen as an offset in the property distribution because the judge allowed Joyce to remain in the marital home, which had been deemed a community asset. The court also ruled that Joyce would pay Allen the value of his retirement account and a marital lien payment. The court concluded that, after these payments, Allen would leave the marriage with $900,000 in assets and no interest in the home and Joyce would retain $1,246,990

in assets, which includes the value of the home. The court also terminated spousal maintenance payments to Joyce because it had awarded her $346,990 more than Allen in the property distribution. The final order established that Allen would retain all financial accounts and insurance policies established in his name and Joyce would retain all accounts created in her name as well as both of their accounts with an investment management company. At Allen's request, the court also ordered Joyce to pay reasonable attorney fees that Allen incurred subsequent to the failed arbitration. Joyce was mailed a copy of the final orders at the address of the marital home.

On December 12, 2022, Joyce filed an appeal as to the findings and conclusions about a marriage, the final divorce order, and "all prior and subsequent orders and judgments in the case." On August 11, 2023, while the appeal was pending in this court, Joyce filed motions in the trial court for reconsideration and to vacate the judgment pursuant to CRs 59 and 60, and for an order to show cause as to why a new trial should not be granted. On September 12, the trial court denied the motions, concluding that Joyce had not demonstrated mistake or excusable neglect for her failure to attend trial because there was established communication between her and the court that demonstrated that she was aware of the trial date.

On November 10, Joyce filed a motion with this court to amend her appeal to include challenges to the post-judgment order that denied the motion to vacate the trial orders. Allen opposed the motion to amend. On January 12, 2024, a commissioner of this court ruled that Joyce's new argument regarding the trial

court's postjudgment decisions must be addressed in a separate appeal, assigned a distinct case number to that appeal, and directed Joyce to file accompanying clerk's papers and statement of arrangements. Joyce filed an amended brief in this case, to which Allen objected on the basis that it impermissibly included argument related to the post-judgment decisions now the subject of the separate appeal. On February 5, the commissioner ruled that "Section V" of Joyce's amended brief possibly included argument related to postjudgment matters and ordered her to file a revised reply without such argument by February 16, 2024. At the time this panel considered the case, Joyce had not filed an amended brief complying with this directive.

ANALYSIS

Joyce appeals several of the findings and conclusions incorporated in the final divorce order "and all prior and subsequent orders and judgments in the case." As a threshold matter, the scope of our review in this case is necessarily limited to the assignments of error Joyce presents regarding the November 14, 2022 final divorce order and findings and conclusions about the marriage. Her challenges to any prior or subsequent orders, including the September 12, 2023 order denying her motion to vacate judgment, will not be considered here pursuant to the commissioner's directive that those issues be raised in a separate appeal.

Joyce assigns error to the trial court's valuation of the marital home based on Allen's testimony rather than a previous appraisal. She also argues that the trial court erred in terminating maintenance payments, ordering an award of attorney fees based on intransigence, and failing to award her half of the pensions

and life insurance policies. As she did not attend trial, each of these challenges is presented for the first time before this court. Failure to raise an issue before the trial court generally prevents a party from presenting it for the first time on appeal. RAP 2.5(a). "The purpose of this rule is to afford the trial court an opportunity to correct errors, thereby avoiding unnecessary appeals and retrials." *Demelash v. Ross Stores, Inc.*, 105 Wn. App. 508, 527, 20 P.3d 447 (2001). Although RAP 2.5 generally serves as a procedural bar to appeal when a party does not object at trial, it can be circumvented if the appellant demonstrates that the trial court did not have jurisdiction, that the opposing party did not establish facts upon which relief could be granted, or that a manifest error affecting a constitutional right occurred. RAP 2.5(a). To satisfy the final exception, an appellant must identify the constitutional error and demonstrate that the error resulted in actual prejudice, meaning that there were practical and identifiable consequences at trial. *State v. Lamar*, 180 Wn.2d 576, 583, 327 P.3d 46 (2014).

Joyce did not appear for trial and, thus, did not present any evidence or raise any objections. Consequently, the trial court did not have the opportunity to consider the arguments that she now raises. More critically, Joyce fails to provide any argument on appeal as to why this court should reach the merit of her claims through an exception to RAP 2.5. Her sole reference to RAP 2.5 is found in her reply brief, where she refutes Allen's argument that it applies, asserting that "[a]ppeals of pre- and final orders and judgments, whether a party was present or not, definitely are reviewable by the court of appeals." She then contends that there is a "procedure for vacating judgments after trial when one does not appear,"

but that procedural mechanism is a motion to vacate judgment, which is not reviewable on this particular appeal. Accordingly, we decline to reach the merits of Joyce's arguments.

Finally, both parties request attorney fees on appeal pursuant to RAP 18.1. However, the rule expressly states that a party requesting fees "must devote a section of its opening brief to the request for the fees or expenses." The rule requires more than a bare request for the fees on appeal; "[a]rgument and citation to authority are required under the rule to advise the court of the appropriate grounds for an award of attorney fees as costs." *Boyle v. Leech*, 7 Wn. App. 2d 535, 542, 436 P.3d 393 (2019) (quoting *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9 (2012). Because Joyce does not prevail, she is not entitled to fees. Allen appears to seek fees on the basis that Joyce's appeal is frivolous, citing "the complete disregard for the rules and conventions of this [c]ourt" in briefing. Because the issues Joyce presents in this appeal were not preserved in the trial court and she failed to address the applicability of RAP 2.5 in her opening brief to establish an applicable exception, we award attorney fees to Allen subject to compliance with the procedural requirements of RAP 18.1.

Affirmed.

WE CONCUR: